J. A. ANSLEY; RICHARD F. LYON, for defendant.

MARTIN L. SHEALY, plaintiff in error, vs. McCLUNG &
DYKES, defendants in error.

1. Where the acknowledgment of service on the bill of exceptions ante-
dates the certificate of the Judge thereto, the writ of error will be dis-
missed.   (R.)

2. The acknowledgment of service upon the bill of exceptions cannot be shown to bear a wrong date by *aliunde* proof.   (R.)

3. An acknowledg'ment "of due and legal service," and a waiver "of copy and all other and further service," does not cure a defective service, which arises from the fact of an attempted service before the certificate of the Judge was attached to the bill of exceptions.   (R.)

Practice in the Supreme Court.   Before the Supreme Court. July Term, 1873.

When the above stated case was called, counsel for defendants moved to dismiss the writ of error for want of service of the bill of exceptions.   The certificate of the Judge was dated June 13th, 1873.   The only evidence of service was the following acknowledgment:

"We acknowledge due and legal service of the within bill of exceptions, waiving copy and all other and further service. This 12th of June, 1873.

(Signed)       "Cook & Crisp, Defendant's attorneys."

Counsel for plaintiffs in error proposed to show by his own affidavit, that the date of the acknowledgment of service was a mistake; that such acknowledgment was, in fact, given subsequent to the certificate of the Judge.   This the Court refused to permit.   He then insisted that if the service was defective, it was cured by the terms of the acknowledgment.

The Court ordered the writ of error dismissed.

J. R. Worrill, for plaintiff in error.

Cook & Crisp, for defendants.