BUSH *vs.* KEATON, executor.

1. The service of the bill of exceptions must affirmatively appear to have been made after the certificate of the presiding judge was attached thereto. (R.)
2. The certificate of the judge must affirmatively appear to have been attached to the bill of exceptions within thirty days from the adjournment of the term of the court at which the trial was had, or some reason therefor be given in the certificate showing that such delay was without fault of the complaining party. (R.)

Bill of exceptions. Practice in the Supreme Court. February Term, 1880.

When this case was called counsel for defendant moved to dismiss the writ of error upon the following grounds: 1. Because it did not appear that the service of the bill of exceptions was made after the certificate by the presiding judge. 2. Because it did not appear that such certificate

was made within thirty days from the adjournment of the court at which the trial was had.

The facts upon which this motion was based were as follows:

The bill of exceptions concluded thus:

"And the claimant now comes, within thirty days from the adjournment of said court (which adjourned on the twenty-fifth day of October, 1879,) and presents this his bill of exceptions," etc.

The certificate of the presiding judge was not dated at all. The acknowledgement of service was as follows:

"Due and legal service of the within bill of exceptions acknowledged. Copy and all further service waived. This November 4th, 1879.            (Signed)            B. B. BOWER,

"Att'y for J. K. P. Keaton, ex'r of B. O. Keaton, def't in error."

To the motion it was replied, first, that the bill of exceptions recited that it was presented within thirty days, which recital was verified by the judge's certificate, and as such certificate did not state any reason why it was not certified within time, the legal presumption that an officer had properly performed his official duty would bring the certificate within the time prescribed by law; second, that the date of the acknowledgement of service, which followed the certificate of the judge, and which recognized the paper as "the within bill of exceptions," was within ten days from the adjournment of the court, and hence the bill of exceptions must have been certified within said ten days.

The court dismissed the case, enunciating the principles stated in the head-notes.

H. C. SHEFFIELD; I. A. BUSH, by JACKSON & LUMPKIN, for plaintiff in error.

B. B BOWER; D. A. VASON; Z. D. HARRISON, for defendant.