SWATTS *et al. vs.* SPENCE, administrator.

1. Since the act of 1881, if the certificate of the presiding judge to the bill of exceptions is not dated, it will be presumed to have been made on the day of the acknowledgement of service by counsel for defendant in error.

2. Where a bill was filed by an administrator to marshal assets of an estate, and one of the creditors excepted to the decision thereon, the failure to join the other creditors as co-plaintiffs in error could be cured by amendment instanter and without notice.

3. Though an amendment should be made under leave of the court, yet where a bill was filed praying injunction, an amendment sworn to and filed before the hearing, a temporary injunction granted, and the case tried at a subsequent term without objection to the amendment, the absence of an order allowing it will not cause a new trial.

4. Entries made by the clerk on the execution docket of the superior court, in the presence of the plaintiff in the *fi. fa.* and under his order, were admissible on an issue as to the payment or non-payment of such *fi. fa.*

5. Where it was sought to settle a *fi. fa.* by conveying to the plaintiff therein certain land, and by mistake a different lot than that agreed upon was described in the deed, in order to correct the mistake at the instance of the grantor or his administrator, equity would require a conveyance of the proper lot be made or the equivalent thereof.

6. If the lot actually conveyed under the mistaken deed (of equal value with that intended) was sold under *fi.fa.* against the grantee

and the proceeds were applied to the payment of his debts, he cannot complain of the mistake.

(*a.*) The charge, the verdict and the decree in this case were right as to the plaintiff in error.

Amendments. Equity. Evidence. Deeds. Before MASTON O'NEAL, ESQ., Judge *pro hac vice.* Mitchell Superior Court. November Term, 1881.

Spence, administrator of McElvain, deceased, filed his bill against Bradford *et al.* It alleged, in brief, that in 1874 his decedent was discharged in bankruptcy, and died in 1877, when complainant became his administrator; that defendants held various claims which they were proceeding to enforce against the estate, but which complainant believed had been discharged in the bankrupt court; that if they were proper claims the estate would be insolvent, otherwise it would be solvent. To avoid multiplicity of suits, this bill was filed praying that the assets be marshaled, the priorities of the various claims be settled, and that in the meantime the defendants be enjoined from pressing their claims. Leave was asked to make other like creditors parties when discovered.

Before the hearing of the application for injunction, an amendment was attached to the bill making Swatts a party and alleging, in brief, as follows: In 1871 Swatts held a *fi. fa.* against the decedent. It was agreed between them that the decedent (then in life) should convey a certain lot in the town of Camilla to Swatts in payment of the *fi. fa.,* and it was marked settled on the execution docket. In drawing up the deed, however, through the fault of Swatts the lot was misdescribed, so that it in fact described a lot already sold by McElvain. The lot agreed upon, and intended to be conveyed, is still held by complainant, and he offers to make the proper and necessary conveyances; but Swatts refuses to receive it, and is proceeding to enforce the *fi. fa.* Discovery was waived. The prayer was for injunction and relief.

No objection was made to this amendment, and answers were filed. Swatts' answer consisted mainly of general denials of the allegations of the bills, and prayers for strict proof thereof.

. The testimony showed the conveyance of lot number 4 in block H. in the town of Camilla, first to one Byrd, and afterwards to Swatts, in settlement of the *fi. fa.* held by him. There was also testimony indicating that the conveyance to Swatts was intended to cover lot number 5 instead of number 4, that the conveyance of number 4 was a clerical error, and that the two were of about equal value. One witness stated that Byrd went into possession of number 4 and nobody took possession of number 5, but that the latter had since been sold under a *fi. fa.* against Swatts.

The jury found that the administrator should execute to Swatts a deed to lot number 5, and the court decreed accordingly, and that the *fi. fa.* be held to be settled. Swatts moved for a new trial on the following among other grounds :

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court erred in holding the amendment to the bill sufficient, there being no order allowing it and no service on any of the defendants, it appearing that the amendment was attached to the bill at the term the application for injunction was heard and before the hearing and that no one objected.

(3.) Because the court erred in admitting in evidence the entries made by the clerk of the superior court on the execution docket in relation to the Swatts *fi. fa.* [The clerk testified that he made the entry of settlement in the presence and by the authority of Swatts.]

(4.) Because the charge of the judge was contrary to the law in the case in this : The issue being one of fact —payment or non-payment of defendant's *fi. fa.*—it was outside of the case to instruct the jury that they might

decree lot number 5 in block H., or any other lot than number 4, in satisfaction of defendant's *fi. fa.*

The motion was overruled and Swatts excepted.

The certificate of the judge to the bill of exceptions was not dated. Service was acknowledged on behalf of Spence, administrator, on December 10th, 1881. In the supreme court a motion was made to dismiss the writ of error because the other defendants to the bill besides Swatts were not made parties or served with the bill of exceptions, and because it did not appear when the bill of exceptions was certified. The motion was overruled, the court announcing the principles stated in the first and second divisions of the decision.

W. E. SMITH; A. L. HAWES, for plaintiff in error.

D. H. POPE, for defendant.

JACKSON, Chief Justice.

A motion was made to dismiss the writ of error on two grounds, first, that the acknowledgment of service and the filing of the bill of exceptions in the office of the clerk of the superior court were not in time, and, secondly, that the other defendants to the bill, it being to marshal assets and in which all were interested, were not served.

1. There is no date to the certificate of the judge, and it will be presumed, under the act of 1881, to have been made on the day of acknowledgment of service, which is the 10th of December, 1881, and was filed in the clerk's office on the 17th, which is in time.

2. Under the ruling in 62 *Ga.*, 135, the other defendants to the bill need not have notice, but may, by amendment, be made co-plaintiffs; therefore the writ of error will not be dismissed, but the amendment will be allowed, and the co-defendants be made co-plaintiffs in this bill of exceptions.

3. On the denial of the motion for a new trial we see

no substantial error. The amendment to the bill, though not made by order or leave of the court, but before the injunction was granted, and not objected to on the application therefor, is no ground sufficient to set aside the verdict. No motion was made to continue, nor was defendant to the bill hurt thereby otherwise.

4. The entries on the execution docket by the clerk, made in presence of defendant and by his order, were admitted properly to go to the jury with the oral evidence thereon.

5.˙ The question before the jury was whether the execution of plaintiff against decedent had been satisfied by the land sold him by decedent, and that turned on the other question whether he got or could get the lot actually sold, though another was conveyed in the deed to him, which the bill alleged was inserted in the deed by mistake. To correct the mistake, equity will require that the other party be put where he should have been put by the deed when reformed.

Therefore there was no error in the charge that the jury might find that the administrator should make a deed to number 5, or the equivalent thereof, if they should find that the conveyance to number 4 was inserted by mistake. It was equity, favorable too to the defendant below, the plaintiff in error here, and to which he could not object.

6. The evidence is sufficient to show clearly that the wrong lot was inserted in the deed, and that it should be reformed if equity could thereby at the same time be done to the other party. The decree requires that to be done by the administrator making him a deed to the other lot, proved to be of equal value, and if that has been already sold as his property by the sheriff, and applied to his debts—judgments against him—it has already gone to his benefit, and he cannot complain.    .

The charge of the judge *pro hac vice* gives the law of the case and the equities between the party complaining

here and the administrator clearly and accurately, the verdict of the jury is sustained by the evidence, and the decree thereon, so far as this plaintiff in error is concerned, follows it, and the judgment overruling the motion for a new trial must be affirmed.

Judgment affirmed.