## MOSS *v.* LOVETT.

*Simmons, C. J.*—1. Where the vendor of land who had given to the vendee a bond for titles obtained against the latter a judgment upon notes for a balance of the purchase money, and for the purpose of having the land levied upon and sold under such judgment undertook to comply with the provisions of section 3654 of the code, and in so doing filed and had recorded a deed which did not contain the name of any grantee, and therefore did not convey title to the defendant in execution, but afterwards had the latter's name inserted in the deed and in the record of the same, and also executed, filed and had recorded another deed which ratified and confirmed the first, and in connection therewith operated to pass a good and sufficient title to the vendee, a levy of the execution thereafter made was valid and legal.

2. Points made in the record but which are neither argued nor insisted upon in this court, will not be considered.

August 18, 1896.          *Judgment affirmed.*

Affidavit of illegality. Before Judge Gober. Cobb superior court. November term, 1895.

*H. B. Moss*, for plaintiff in error.
*R. O. Lovett*, contra.

---

## RILEY *v.* ECHOLS, administrator.

99b 321
105 512

*Lumpkin, J.*—Service of a bill of exceptions before it has been certified by the judge is equivalent to no service at all. *Shealy* v. *McClung & Dykes*, 50 *Ga.* 485.          *Writ of error dismissed.*

August 18, 1896.

*Henry Walker*, for plaintiff in error.
*J. E. Mozley*, contra.