## VICKERS & BURKHALTER *v.* SANDERS.

Unless it affirmatively appears that a bill of exceptions was served within ten days, and filed in the office of the clerk of the trial court within fifteen days, after having been certified by the judge, the writ of error will be dismissed.

Argued November 23, — Decided December 17, 1898.

Practice in Supreme Court.

E. P. Padgett & Son and R. A. Hendricks, for plaintiffs in error. Perry & Tifton and Hitch & Myers, contra.

LUMPKIN, P. J.   On the 31st day of May, 1898, a motion for a new trial, which had been filed by Vickers & Burkhalter, and

in which they complained of a verdict rendered against them in favor of the administratrix of J. R. Sanders deceased, was heard and overruled. They thereupon presented to the judge a bill of exceptions, which was certified in the usual form, but the certificate was not dated. It appears that this bill of exceptions was filed in the office of the clerk of the trial court on the 27th day of June, 1898, and on the next day he certified upon it that it was the true original bill of exceptions in the case stated. On July 4, 1898, counsel for the defendant in error acknowledged service of this bill of exceptions, but the record discloses affirmatively that they declined to acknowledge that this service was "due and legal." When the case was called here, a motion was made to dismiss the writ of error, because, among other reasons, it did not appear that the bill of exceptions was served within ten days after having been certified by the judge, or that it was filed within fifteen days from that time.

Section 5547 of the Civil Code requires service of every bill of exceptions within ten days after the same shall have been signed and certified, and section 5554 provides that within fifteen days from the date of the certificate of the judge the bill of exceptions shall be filed in the office of the clerk of the court where the case was tried. Compliance with these requirements is essential to the validity of a bill of exceptions, and it must in every case affirmatively appear. It does not in the present case appear either that the bill of exceptions was duly served, or that it was filed within the prescribed time. It is impossible to ascertain from the record before us upon what day the judge signed the certificate. He may have done so on any day between the 31st of May and the 27th of June. If, for instance, he signed on the first day of June, more than ten days elapsed before the service, and more than fifteen days before the filing.

Section 5566 of the Civil Code is not applicable to this case. Notwithstanding the judge's failure to date his certificate, it affirmatively appears that the bill of exceptions was certified in due time. It would not, therefore, have been possible to show here, by affidavit or in any other manner, that the judge's "official signature was made after the time required by law," for such was not the fact. The statute does not, for the purpose

·of preventing a dismissal, authorize the reception by this court ··of proof showing·on what date an official signature was actually .affixed.   Consequently, it could not be appropriately·invoked .·to save the present case; and, indeed, this was not done.   See, .in this connection, *Broom* v. *State*, 99 *Ga.* 197.

.*Writ of error dismissed.    All the Justices concurring.*