## ASPINWALL *v.* CHISHOLM & COMPANY.

Parol evidence is not, unless the proper foundation be first laid, admissible to prove either affirmatively what books of account or private writings do contain or negatively what they do not contain.

Argued November 10,— Decided December 7, 1899.

Complaint. Before Judge Smith. Pierce superior court. January 31, 1899.

*W. G. Brantley* and *Estes & Walker*, for plaintiff in error.
*John C. McDonald* and *Hitch & Myers*, contra.

Lumpkin, P. J. The determination of this case in the trial court depended upon a closely contested issue of fact as to which the testimony was directly conflicting. To an action upon promissory notes brought by W. W. Chisholm & Co. against Aspinwall, he set up the defense of payment, and introduced in evidence a receipt, signed by the plaintiffs, a copy of which is as follows: "Whereas E. Aspinwall has had several years business with our firm, covering various transactions, and whereas several notes given by said E. Aspinwall have been paid, and the same can not be found, now this is to certify that we have received payment in full of said E. Aspinwall for all claims of every character whatever to this date. This December 20th, 1889." Though the giving of this receipt was subsequent in point of time to the maturity of the notes sued on, the plaintiffs contended that these notes had

never been paid, and that they were neither referred to nor intended to be covered by the receipt in question. The court, over the objection of defendant's counsel, permitted W. W. Chisholm, a member of the plaintiffs' firm, while on the stand, to testify that the notes in suit had never been charged against Aspinwall upon the books of the firm, that a written paper which the witness held ·in his hand was correctly copied from the plaintiffs' books, and that this paper was a correct copy of a statement used and referred to when the settlement resulting in the giving of the receipt above mentioned was made between the plaintiffs' firm and the defendant. The materiality of this copy statement lay in the fact that upon it there was no entry whatever respecting the notes in controversy. It will thus be seen that the court allowed the witness to testify not only as to the contents of books of account, but also in effect to testify that certain entries did not appear upon an original statement forming the basis of the very settlement the terms and conditions of which were directly involved in the controlling issue as to which the parties were disputing. No attempt to account for the absence of the plaintiffs' books or of the original statement was made, and the objection urged to all of the above testimony was that these books and that statement were the highest and best evidence of their contents, and that parol evidence as to what appeared or did not appear upon the books and upon this · paper was inadmissible without accounting for the originals.

This court, in *Holliday* v. *Griffith,* 108 *Ga.* 803, ruled explicitly that "proving by parol what a given writing does not contain is as much forbidden as proving in this manner what it does contain." The error of the court in admitting the evidence objected to in the present case constrains us to order a new trial; for it is impossible to say that the testimony thus illegally allowed to go before the jury had no effect upon their finding. *Judgment reversed. All the Justices concurring.*