## COOPER *v.* THE STATE.

Under the decision in *Bush* v. *Keaton*, 65 *Ga.* 296, where it does not affirma-. tively appear that service of a bill of exceptions was made or waived after the certificate of the presiding judge was attached, the writ of error must be dismissed upon motion.

Submitted December 19, 1904.— Decided January 26, 1905.

Motion to dismiss the writ of error.

*R. A. Hendricks*, for plaintiff in error.

*M. D. Dickerson, solicitor,* and *W. C. Lankford,* contra.

SIMMONS, C. J.   After conviction of cheating and swindling, Cooper sued out a bill of exceptions complaining of the overruling of a demurrer to the indictment and of the refusal of the lower court to grant a new trial.   From the bill of exceptions it appears that the motion for new trial was overruled on October 22, 1904. When the bill of exceptions was certified does not appear, the certificate being undated.   Under date of November 2, 1904, counsel for the State acknowledged "due and legal service of the within bill of exceptions," and waived "copy and all other and further notice and service."   In this court a motion was made to dismiss the writ of error, on the ground that "it does not appear that the bill of exceptions was certified before the acknowledgment of service by the solicitor of the city court of Douglas."   In support of this motion several cases were cited, among them that of *Bush* v. *Keaton,* 65 *Ga.* 296.   There was no request to review and overrule that case, and it is controlling here.   Its facts were almost identical with those of the present case, and the writ of error was dismissed because the acknowledgment of service did not affirmatively appear to have been made after the judge had certified the bill of exceptions.   It is true that the case as reported appears to

have been put upon two grounds, and that both headnotes were made by the reporter; but an examination of the minutes of this court shows that the judgment of the court was put upon one ground, which was that just stated. That case is therefore controlling here, and must be followed. Section 5566 of the Civil Code is not applicable here. Under that section, an undated certificate will be presumed to have been in time, but the section does not otherwise afford any presumption as to the date of a certificate. It is no authority for presuming that a dated acknowledgment was made after the undated certificate, when the contrary might have been true and the certificate still have been made in time. *Vickers* v. *Sanders*, 106 *Ga.* 266.

*Writ of error dismissed. All the Justices concur.*