### 149. BAILEY & CARNEY BUGGY CO. *v.* GUTHRIE.

1. Under the Civil Code, § 5532, taken in connection with the act of 1893 (Civil Code, § 5534), it is mandatory that the trial judge certify the bill of exceptions to be true; but the remainder of the prescribed form of the certificate is directory only, and no error or misdirection therein contained will operate to cause a dismissal of the writ of error in the appellate court.

2. Unless the contrary affirmatively appears, the certifying, serving, and filing of a bill of exceptions are to be regarded as having taken place in their proper chronological sequence.

3. While a plea or answer which sets up no legal or equitable defense, being bad in substance, may be stricken on motion at the trial term, yet such a motion is not available where the plea states a substantial defense, but is merely deficient in certainty or particularity.

4. The plea in this case was not subject to the construction that it admitted a sum to be due by the defendant to the plaintiff in excess of the amount found by the jury in the latter's favor.

5. The objections to the evidence were not well taken; the charges complained of are not erroneous for any of the reasons assigned; and the verdict is not without sufficient evidence to support it.

Complaint, from city court of Nashville—Judge Peeples. August 1, 1906.

Submitted February 26,—Decided March 2, 1907.

*Alexander & Gary,* for plaintiff.

*Hendricks, Smith & Christian, Buie & Knight,* for defendant.

POWELL, J. Since we have deemed it unnecessary to elaborate in the opinion the points decided in the headnotes 3 to 5 inclusive, we shall set forth only so much of the facts as are necessary to an understanding of what is decided upon the motion to dismiss the bill of exceptions. The assignment of error is to the overruling of a motion for a new trial, and no evidence is contained in the bill of exceptions, but the brief of the evidence is specified by the plaintiff in error as a necessary part of the record. The certificate of the judge, in addition to verifying the bill of exceptions, certifies that it "contains all of the evidence and specifies all of the record material to a clear understanding of the errors complained of," and concludes in regular form. The point is made that the certificate, in referring to the evidence, employs the word "contains," instead of the word "specifies." The Civil Code, § 5534 (Act of 1893) provides: "It shall be the duty of the judge, to whom any bill of exceptions is presented, to see that the certificate is in legal form

before signing the same; and no failure of any judge to discharge his duty in this respect shall prejudice the rights of the parties by dismissal or otherwise." Prior to the adoption of this statute compliance with the prescribed form of certificate to a bill of exceptions was mandatory, and a certificate in the form used in the present case would not have been sufficient. *Gresham* v. *Turner,* 88 *Ga.* 160; *Lovingood* v. *Roberts,* 89 *Ga.* 417; *Holland* v. *Van Beil,* 89 *Ga.* 223. Since the adoption of this statute the Supreme Court has, reluctantly at first (see *Pusey* v. *Sweat,* 92 *Ga.* 809, and *Gregory* v. *Daniel,* 93 *Ga.* 795), but finally, fully, yielded its assent to the principle that as to everything in the certificate presented by the Civil Code, §5532, except the actual verification of the bill of exceptions, the form is directory only. *Scott* v. *Whipple,* 116 *Ga.* 214.

The further point is made, in the motion to dismiss, that "the writ of error is not dated, and there is no way to ascertain whether the writ was signed before the acknowledgment of service or not, or to ascertain whether the bill of exceptions was filed in the clerk's office before acknowledgment of service." "The presumption is that the different steps taken in having the certificate signed, service acknowledged, and the bill of exceptions filed, were in their proper chronological sequence." *McCain* v. *Bonner,* 122 *Ga.* 843. The cases of *Vickers* v. *Sanders,* 106 *Ga.* 266, and *Cooper* v. *State,* 121 *Ga.* 578, holding to the contrary, were expressly overruled in *Porter* v. *Holmes,* 122 *Ga.* 784. *Bush* v. *Keaton,* 65 *Ga.* 296, was decided prior to the passage of the act of 1881, touching this subject-matter. So that the bill of exceptions will not be dismissed; but under our holding as contained in the last three headnotes above, the judgment will be affirmed on the merits of the case. 　　　　　　　　　　　　*Judgment affirmed.*