## 1646. GROW *v.* HUNTER.

Service of a bill of exceptions before the writ of error has been certified by the judge is not a valid service; and an acknowledgment of service and waiver of further service by counsel for defendant in error on a bill of exceptions, dated anterior to the date of the judge's certificate, is equivalent to no service at all. Where either the entry of service or the acknowledgment thereof upon the bill of exceptions antedates the judge's certificate, a motion to dismiss the writ of error will be sustained.

Submitted February 25,—Decided March 16, 1909.

*R. W. Grow,* for plaintiff in error.    *P. D. Rich,* contra.

RUSSELL, J. The motion to dismiss the writ of error must be sustained, because there was no service of the writ of error upon the defendant in error. Not only does it not affirmatively appear that service of the bill of exceptions was made or waived after the certificate of the presiding judge was attached, but on the contrary it appears that service of this bill of exceptions was acknowl-

edged and copy was waived on December 31, 1908, four days *before* the writ of error was certified by the presiding judge. The rule as to service of bills of exceptions is in the Civil Code, § 5547; and it naturally requires that the writ of error shall be served on the defendant in error *after,* and not *before,* the bill of exceptions is signed and certified by the judge. "Within ten days after the bill of exceptions is signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and if there be several parties with different attorneys, upon each, with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions, and they alone are parties defendant in the Supreme Court who are thus served." It has several times been held that an acknowledgment of due and legal service of a paper purporting to be a bill of exceptions, followed by a waiver of all other and further service thereof, entered on the paper before the bill of exceptions is certified by the trial judge, does not amount to a service of the same paper after it has been so certified. *Tison* v. *Forrester,* 50 *Ga.* 87; *Shealy* v. *Mc-Clung,* 50 *Ga.* 485; *Riley* v. *Echols,* 99 *Ga.* 321 (25 S. E. 649); *Southern Ry. Co.* v. *Brannon,* 102 *Ga.* 578 (27 S. E. 663). These are all cases in which both the entry of service and the certificate of the judge were dated, and the entry upon the bill of exceptions which purported to show service antedated the certificate. Under *Bush* v. *Keaton,* 65 *Ga.* 296, and some other cases following the rule laid down therein, the writ of error must be dismissed if the certificate of the judge is not dated and it does not affirmatively appear that the certificate was signed by him prior to the service of the bill of exceptions upon the defendant in error. The ruling in the *Bush* case, supra, was modified in *Porter* v. *Holmes,* 122 *Ga.* 783 (50 S. E. 923), to the extent that where the certificate of the presiding judge is not dated it will be presumed to have been made on the day of the acknowledgment of service by counsel for the defendant in error. But the ruling in the *Tison* and *Shealy* cases, supra, which apply to those instances where the bill of exceptions was attempted to be served before the trial judge certified, has not been modified except where the opposite party waives service and agrees that the case may be heard as provided by the 3d subdivision of § 5547 of the Civil Code. Where a motion is made to dismiss the writ of error for want of service, and it ap-

pears that there has been no service of the bill of exceptions subsequently to the certificate of the judge, the writ of error must be dismissed, though "No case shall be dismissed by the Supreme Court for want of service, when the party benefited by a failure to serve shall—if the bill of exceptions and a copy of the record in any case shall be in the hands of the clerk of the Supreme Court —waive service and agree that said case may be heard."

*Writ of error dismissed.*