SMITH, sheriff, *v.* WEST *et al.*, executors.

1. The answer of the sheriff, as amended, to the petition for a rule against him to compel the payment of an amount due on an execution, because of his refusal to sell certain property upon which he had levied, and his failure to collect the amount due on the fi. fa., was not subject to dismissal upon any ground taken, and it was erroneous for the judge to strike the answer and grant a rule absolute.

2. In a case of the character referred to in the preceding note, where it appears from the record before this court that an amendment to the defendant's original answer was lodged with the clerk of the court below and treated as a part of the record, and the bill of exceptions states its contents and recites that it was allowed by the court, it is too late for the defendant in error for the first time, in his brief filed in this court, to raise the point that the amendment was not allowed, and therefore can not be considered.

FEBRUARY 17, 1910.

Rule. Before D. W. Blair, judge pro hac vice. Gordon superior court. August 24, 1908.

W. J. West, doing business as W. J. West & Company, filed a petition against H. L. Smith, former sheriff of Gordon county, addressed to the superior court, alleging, among other things, that prior to October 20, 1906, an execution in favor of petitioner, dated September 6, 1906, against Plainville Roller Mill Company for $400 as principal, $40 as interest to date of judgment, $40 as attorney's fees, and all future interest at 8 per cent. per annum, and $13.65 costs, was placed in the hands of the defendant, with instructions to make the sums due thereon; that, although sufficient time had elapsed, the defendant had failed and refused to collect the sums due thereon; and while he made a levy on October 30, 1906, he had failed and refused to sell the property levied on,

although requested by the plaintiff to do so; that this failure was without legal reason or excuse; and that petitioner had made demand in writing upon defendant for the payment of the amounts due on the fi. fa., and his demand had been refused. It was prayed that the defendant be required to pay over the amounts due on the execution; and that a rule nisi issue, requiring defendant to show cause before the court instanter, or as soon as counsel could be heard, why he should not pay over these sums. The record does not disclose the date of the filing of the petition, but the judge to whom it was presented issued a rule, dated January 15, 1907, requiring the defendant to show cause, on the fourth Monday in February, why he should not pay over the money, or in default thereof be attached as for a contempt of court. On March 2, 1907, the defendant filed an answer under oath, setting up, among other things, that, after levying upon the property and advertising it for sale, J. C. Brownlee tendered and filed with respondent an affidavit of illegality; that he suspended the sale and returned the illegality to the court to be disposed of, which he believed to be his legal duty; that he believed the affidavit made an issue, which, if sustained by proof, was a valid legal defense; and that he had no right to dispose of it otherwise than he did, and he acted entirely in good faith in receiving the same. Afterwards the defendant lodged in court an amendment as follows: "And affiant further answers that after he levied the fi. fa., as alleged, he found and discovered, before the date of sale as advertised, that the property levied on was not the property of the Plainville Roller Mill Company, and was not subject to said fi. fa., or the lien of the judgment on which it issued; and therefore he did not attempt to sell said lands. Respondent further answers that the said Plainville Roller Mill Company had no property that respondent could find on which to levy said execution, and therefore respondent could not make the money on said fi. fa. by any diligence; and therefore he prays that the rule be discharged." This amendment was sworn to before W. C. Martin, judge pro hac vice, March 7, 1907. The petitioner filed a motion to strike the answer and to make the rule absolute against the defendant. The date on which the motion to strike was filed does not appear; but on August 24, 1908, the case came on to be heard, and the motion was sustained, and, after the answer of the sheriff was stricken, a rule absolute was granted and

judgment rendered in favor of the plaintiff for the amount due on the execution, and it was ordered that the amount thereof be paid to plaintiff's attorneys within thirty days, and in default of payment that respondent be attached as in contempt.    The respondent excepted to both judgments.

O. N. Starr and J. M. Neel, for plaintiff in error.

M. B. Eubanks, contra.

ATKINSON, J.    1. While a sheriff, under the provisions of the Civil Code, § 4777, is liable to be attached as for a contempt for neglecting to sell property upon which he has made a levy, it is competent for him, in defense to a rule brought against him for such neglect, to show that the property levied upon was not subject to the execution.    Brannon v. Barnes, 111 Ga. 850 (36 S. E. 689). The amendment to the answer of the defendant set forth "that after he levied the fi. fa., as alleged, he found and discovered, before the date of sale as advertised, that the property levied on was not the property of the Plainville Roller Mill Company, and was not subject to said fi. fa., or the lien of the judgment on which it issued; and therefore he did not attempt to sell said lands."    We think this answer, if not traversed, was sufficient to avoid liability on account of the failure to sell the property which was levied upon.    It is contended in the brief of counsel for defendant in error that the amendment did not allege that the property did not belong to the defendant in fi. fa. at the time the judgment was rendered and the fi. fa. was issued.    While that identical language was not employed, the answer substantially covers the point suggested by counsel, by charging that the property "was not subject to said fi. fa. or the lien of the judgment."    The further answer of the respondent, "that the said Plainville Roller Mill Company had no property that respondent could find on which to levy said execution, and therefore respondent could not make the money on said fi. fa. by any diligence," was sufficient answer as to a failure to collect the money out of any other property.    Considering the answer, as amended, in its entirety, it was not subject to be dismissed on account of any of the grounds taken, and it was erroneous to dismiss it, and follow the order of dismissal by an order granting a rule absolute against the defendant.

2.    In the brief of counsel for the defendant in error it was contended that the amendment to the answer of the sheriff, though

lodged with the clerk, was never allowed by the court, and never became legally a part of the record. No such point as this appears to have been made or passed upon in the court below. Had the point been there raised, the respondent could have applied at once for an order allowing the amendment. The bill of exceptions recites that on March 7, 1907, during the same term when the original answer was filed, "the said respondent amended his said answer by adding thereto the following supplemental averments: . . that thereupon, on the same date, to wit, on March 7th, 1907, plaintiffs, by their counsel, filed their written traverse to the answer of respondent . . ; that on the call of said case for trial . . , counsel for plaintiffs insisted on their motion to strike said answer to said rule; and after argument of counsel thereon, the court granted an order sustaining said motion, striking respondent's entire answer as insufficient." In specifying the parts of the record to be sent up to this court, the additional answer is mentioned. It is evident that the amendment was treated as a part of the pleadings in the case both by counsel and the court, and as a proper part of the record to be sent to this court. It is too late for the defendant in error for the first time, in his brief filed in this court, to raise the point that the amendment was not duly allowed, and therefore can not be considered. See, in this connection, *Swatls* v. *Spence,* 68 *Ga.* 496 (4) ; *Watson* v. *Equitable Mortgage Co.,* 132 *Ga.* 154-163 (63 S. E. 912).

*Judgment reversed.   All the Justices concur.*