### 2412.   CLANCE *v.* LAURENS BANKING COMPANY.

When it appears that service of the bill of exceptions was acknowledged upon a day anterior to the date when the judge certified the bill of exceptions, the writ of error must be dismissed.

Argued March 24,—Decided April 19, 1910.

*W. B. Kent, H. P. Howard,* for plaintiff in error.

*W. C. Daniel, T. E. Hightower, S. W. Sturgis,* contra.

RUSSELL, J.   A motion is made to dismiss the writ of error, upon the ground that there has been no service of the bill of exceptions as required by law.   Upon inspection it appears that the judge signed the certificate to the bill of exceptions on January 10, 1910.   Service of the bill of exceptions was acknowledged, and copy of all other or further notice or service was waived, on January 1, 1910, nine days before the bill of exceptions was in fact certified.   The ruling in *Grow* v. *Hunter, 5 Ga. App.* 817 (63 S. E. 938), following the adjudications of the Supreme Court in *Tison* v. *Forrester, 50 Ga.* 87; *Shealy* v. *McClung, 50 Ga.* 485; *Riley* v. *Echols, 99 Ga.* 321 (25 S. E. 649), and *Southern Railway Co.* v. *Brannon,* 102 *Ga.* 578 (27 S. E. 663), is controlling, and the writ of error must be dismissed.   As the only apparent entry of service antedates the judge's certificate to the bill of exceptions, the writ of error has never in fact been served; for the reason that no writ of error is in existence until after the certificate has been signed by the presiding judge, as required by law.

*Writ of error dismissed.*