## BALDWIN STATE BANK v. NATIONAL BANK OF ATHENS.

1.  Where a draft drawn on a bank is deposited in another bank by the payees thereof "For deposit . . to the credit of" the payees, prima facie the title to the draft, and the proceeds thereof when collected, is in the payees.

(a)  Whether it was the intention of the parties that the title to the draft should be in the bank rather than in the payees, and that the deposit

should be placed to the credit of the payees as cash subject to their check, are facts to be determined by the jury under the evidence.

(*b*) Accordingly, where on the trial of a suit brought by the bank in which such draft was deposited, to recover the amount of the draft from the bank which drew it, there was no evidence of a contract between the parties, or of a custom or understanding "by the course of dealing" with the bank, that it was the intention of the parties that the title to the draft was to be in the plaintiff bank, and that the payees were to have credit on the books of the bank for the amount thereof as cash, subject to their check, it was error to direct a verdict for the plaintiff.

2. On the trial of such a suit it was error to allow the cashier of the bank in which the draft was deposited to testify, without the proper foundation being laid, that the payees were given credit by the bank for the amount of the draft, subject to their check, over the objection that the books of the bank would be the highest and best evidence.

OCTOBER 13, 1915.

Complaint. Before Judge Jones. Banks superior court. September 21, 1914.

The National Bank of Athens brought suit against the Baldwin State Bank for the sum of $750, besides interest, on a certain draft or bill of exchange, drawn by the cashier of the Baldwin State Bank on the Fourth National Bank of Atlanta, the draft and indorsements thereon being as follows: "Baldwin State Bank. No. 2714. Baldwin, Ga., Aug. 6, 1912. Pay to the order of Webb & Crawford Co. $750.00. T. G. Stephens, Cashier. To the Fourth National Bank, Atlanta, Ga." Indorsed: "For deposit in Nat'l Bank of Athens, Aug. .7, 1912. To the credit of Webb & Crawford Co." "Pay to the order of any bank, banker, or trust company. All prior indorsements guaranteed. Aug. 7, 1912. National Bank of Athens, 64-66, Athens, Ga., 64-66. James White, Cashier." "Mail teller, Aug. 8, 1912. Atlanta National Bank." Written across the face of draft: "Payment stopped. By order of drawer. F. M. Berry, Paying Teller." "Noted and protested for non-payment. Aug. 8, 1912. D. B. DeSaussure, Notary Public."

It was alleged, that the draft was properly indorsed by the payees named therein, and was afterwards negotiated for a valuable consideration by the payees, Webb & Crawford Co., to the plaintiff, National Bank of Athens, which is now the owner and holder, for value, of the draft; that on account of the non-payment and protest of the draft the defendant became liable for the protest fee, which plaintiff has paid, besides the amount due on the draft, etc. By an amendment to its answer (which was a general denial of the

material allegations of the petition), the defendant averred, in substance, that Webb & Crawford Co., the payees of the draft sued on, indorsed the draft to the plaintiff for collection and deposit to their credit, and did not make an absolute sale of the draft and its proceeds to the plaintiff; that the indorsement carried with it notice to the plaintiff of the interest and ownership of Webb & Crawford Co., and the plaintiff took it subject to all the equities existing between Webb & Crawford Co. and the defendant; that the plaintiff became and was, by virtue of the indorsement, merely the agent of Webb & Crawford Co. for the collection of the draft and the depositing of the proceeds, when collected, to their credit; and that the consideration of the draft sued on had totally failed, defendant receiving nothing of value for the same, etc. At the conclusion of the evidence the court directed a verdict in favor of the plaintiff, to which decision the defendant excepted.

*John J. Kimsey* and *Sam Kimzey,* for plaintiff in error.

*Wolver M. Smith* and *Thomas S. Mell,* contra.

HILL, J. (After stating the foregoing facts.)

This case falls within the decision in *Freeman* v. *Exchange Bank,* 87 *Ga.* 45 (13 S. E. 160). It was there held: "Generally, the payee of a bill of exchange, by indorsing it (otherwise in blank) 'For deposit to the credit of' himself, retains ownership not only of the bill, but of its proceeds until they are so deposited." In the instant case the draft is indorsed: "For deposit in Nat'l Bank of Athens. . . To the credit of Webb & Crawford Co." Prima facie the draft is a special deposit for collection, and does not pass title to the plaintiff bank. The instant case is different from that of *Fourth National Bank* v. *Mayer,* 89 *Ga.* 108 (14 S. E. 891), upon which the trial judge based his decision. There a regular customer deposited with the bank his own draft payable to his own order, and indorsed, "For deposit to the credit of" himself, and the same was entered to his credit on the books of the bank, and the draft was forwarded by the bank to another bank for collection. The drawer, "by the course of dealing" with the bank, had the right to check on such deposit, and his checks were honored. It was held in that case, under those circumstances, that the title to the draft passed to the first bank. But the presumption of law in the present case as to the draft itself, with the entries thereon, is that the title to the draft, under the *Freeman* case, supra, was in the drawers of the

draft; and that presumption has not been overcome by the plaintiff's proof. The evidence of the plaintiff fails to show any "course of dealing," or custom of the bank, or express or implied contract with the depositor, whereby the title to the draft should pass to the plaintiff bank. Prima facie the draft was deposited for collection. The plaintiff might go further and show, if it could, either such a "course of dealing" with the bank as that the title was to be in the bank, a custom to that effect, or an express or implied contract that the title was to be in the bank. But, so far as the record discloses, this was not done; and the presumption being that the draft was deposited for collection and that the title was to remain in the drawees, the court erred in directing a verdict for the plaintiff. 2 Morse on Banks & Banking (4th ed.), § 577; National Commercial Bank *v.* Miller, 77 Ala. 168 (54 Am. R. 50) ; Bell *v.* Somerville, 50 Fed. 647, 17 L. R. A. 291, 1 C. C. A. 598) ; Fayette National Bank *v.* Summers, 105 Va. 689 (54 S. E. 862, 7 L. R. A. (N. S.), 694 and notes).

It is a question of fact for the jury to determine whether or not, under all the evidence as to the custom, course of dealing, or understanding, if any, the title to the draft passed to the plaintiff bank, or remained in the drawees. It is true that the cashier of the bank testified as to the draft that "It became the property of the National Bank of Athens immediately when it went to the credit of Webb & Crawford; the indorsement on the back made it absolutely the property of the National Bank." But this evidence, which was not objected to for that reason, was a mere conclusion of the witness.

On the trial of the case the cashier of the plaintiff bank was allowed to testify, over objection, that "Webb & Crawford Company were then given credit for that amount, $750.00, put to their credit subject to their check." This evidence was objected to on the ground that the books of the bank would be the highest and best evidence that Webb & Crawford Co. were given credit for that amount and that the same was subject to their check. The court erred in allowing the witness to testify as above set out, without the proper foundation being laid. This court has held that "Parol evidence is not, unless the proper foundation is laid, admissible to prove either affirmatively what books of account or private writings do contain, or negatively what they do not contain." *Aspinwall* v.

*Chisholm,* 109 *Ga.* 437 (34 S. E. 568). And while the Baldwin State Bank (the defendant) was not a party to the transaction of depositing the draft, the transaction as to it being res inter alios acta, the books of the plaintiff bank were admissible as a part of the res gestæ, as tending to show whether or not that bank was an innocent purchaser of the draft and whether the title passed to it as such.          *Judgment reversed. All the Justices concur.*