## 19655. Nix et al. v. Armour Fertilizer Works.

Jenkins, P. J. 1. An assignment of error upon a judgment overruling a motion for new trial, in this language, "to this judgment of the court the defendants excepted, and now except, and assign error thereon, and say that the court erred in overruling said motion for new trial on each and all of the grounds therein stated," is sufficient to present the real issue. *Thomas* v. *Lester*, 166 *Ga.* 274 (142 S. E. 870).

2. While it is mandatory that a trial judge certify a bill of exceptions to be true, "the remainder of the prescribed form of the certificate is directory only, and no error or misdirection therein contained will operate to cause a dismissal of the writ of error in the appellate court." *Bailey & Carney Buggy Co.* v. *Guthrie*, 1 *Ga. App.* 350 (58 S. E. 103). Accordingly, the direction of the trial judge in the certificate, that the bill of exceptions be transmitted to the "next" term of the Court of Appeals, when it was actually transmitted to the term then in session, affords no reason for dismissing the writ of error.

3. Where, in the regular course of business, certain entries should appear upon an appropriate record, if certain transactions were had, the production of such record showing the omission of such entries is some evidence to be taken as a circumstance tending to support the credibility of positive testimony which negatives the actuality of such transaction (*Shields* v. *Carter*, 22 *Ga. App.* 507, 511, 96 S. E. 330), but "parol evidence is not, unless the proper foundation be first laid, admissible to prove either affirmatively what books of account or private writings do contain or negatively what they do not contain." *Aspinwall* v. *Chisholm*, 109 *Ga.* 437 (34 S. E. 568). Accordingly, in the instant suit against a sheriff and his bondsmen to recover a sum of money which the officer admitted he had collected on an execution in the plaintiff's favor, but which he contended he had paid over to the plaintiff's attorney, it was error to permit the attorney to testify that he had examined his cash-book and his collection docket, which showed all money received in his office, and that such books did not show any payment or collection on the claim as contended by the defendant, over the objection that the books were the highest and best evidence, and were not shown to be lost or destroyed, or inaccessible.

4. The assignment of error upon the admission of carbon copies of certain letters from plaintiff to defendant is incomplete, in that it sets forth neither the letters nor the substance thereof. *Mayor &c. of Gainesville* v. *White*, 27 *Ga. App.* 16 (107 S. E. 571); *Franklin* v. *State*, 28 *Ga. App.* 460 (112 S. E. 170).

5. Since a new trial must be granted because of the error set forth above in paragraph 3, the remaining assignments of error, which relate to matters not likely to arise on a second trial, are not dealt with.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided January 23, 1930.

*H. L. Jackson, E. R. Smith,* for plaintiffs in error.
*William Story, Elsie H. Griner,* contra.