18538, 18539. BENEFIELD *v.* LUTHER, Justice of the Peace (two cases).

ALMAND, Justice. In each of the instant cases, the bill of exceptions was certified by the trial judge on February 8, 1954, and the unverified certificate of counsel for the plaintiff in error was, that "I have this day served counsel for the defendant in error with a true copy of the foregoing bill of exceptions." In case No. 18538 the certificate is undated, and in case No. 18539 the certificate bears date of February 6, 1954. *Held:*

1. "Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney . . . with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions. . . Where there is no acknowledgment or waiver of service, the return of such service may be either in the form of an affidavit or by an unverified certification of one of counsel for plaintiff in error showing service, indorsed upon or annexed to the bill of exceptions or cross-bill." Code § 6-911, as amended by Ga. L. 1953, Nov.-Dec. Sess., pp. 455-456.

2. "The service of the bill of exceptions must affirmatively appear to have been made after the certificate of the presiding judge was attached thereto." *Bush* v. *Keaton,* 65 *Ga.* 296 (1); *Riley* v. *Echols,* 99 *Ga.* 321 (25 S. E. 649); *Churchill* v. *Barclay,* 102 *Ga.* 555 (27 S. E. 680); *Seliger* v. *Coker,* 105 *Ga.* 512 (2) (31 S. E. 185); *Consolidated Naval Stores Co.* v. *McPhatter,* 147 *Ga.* 797 (95 S. E. 686); *Duke* v. *Sims,* 70 *Ga. App.* 318 (28 S. E. 2d 174).

3. Neither service of the bill of exceptions as required by law, nor any waiver or acknowledgment thereof, being shown, this court is without jurisdiction of the writs of error, and they must be dismissed. *Izlar* v. *Central of Ga. Ry. Co.,* 162 *Ga.* 558 (134 S. E. 315); *Boyd* v. *Boyd,* 209 *Ga.* 455 (74 S. E. 2d 6).

*Writs of error dismissed. All the Justices concur.*

ARGUED APRIL 12, 1954—DECIDED APRIL 14, 1954.

*Linus L. Zukas,* for plaintiff in error.
*Brannon & Brannon, Telford, Wayne & Smith,* contra.