Mitchell v.
St.
110
e109 484
110  272
125   87

: · · ·   MITCHELL v. THE STATE.

LUMPKIN, P. J.  1. A charge that a jury might consider "the feeling or absence of feeling which any witness has . . in any way or towards the parties connected with the case, . . if any thing of that kind appears," was not erroneous merely because there was no direct testimony as to the state of feeling existing between any witness sworn at the trial and another who was a party to or interested in the result of the case. The question whether or not the testimony of a witness was affected by his "feeling or absence of feeling" might be determined, at least to some extent, by his appearance and demeanor on the stand and the character of that testimony, even though nothing as to the state of his feelings was affirmatively proved.

2. The following charge was not erroneous: "It is for the jury to determine the credit to be given to the testimony of any impeached witness, when impeached for general bad character. If you find that any witness in this case is impeached, then you will see the extent of the impeachment, and you will determine, applying these rules, what weight and credit the testimony of such witness ought to have before you." The first sentence of this charge is in substantially the same language as that used in the last sentence of section 5295 of the Civil Code; and the effect of the remaining portion of the charge was merely to leave the jury free to determine to what, if any, extent any witness in the case had been discredited.

3. It is well settled that opprobrious words, no matter how grievous or insulting, will not alone justify an assault with a deadly weapon used in a manner calculated to cause death. See Penal Code, § 103, and cases cited. There was no error in so charging in the present case.

4. Shooting at another with a shotgun can not, in the absence of actual or apparent necessity for so doing, be regarded as justifiable.

5. A new trial will not be granted merely because the court, after charging "that to authorize a conviction the evidence must be so conclusive in character as to exclude all reasonable doubt of the defendant's guilt," did not add the further instruction that, in a case of reasonable doubt, the jury should acquit.

6. The evidence in this case was decidedly conflicting, but that introduced in behalf of the State was sufficient to warrant the conviction; and the same having been approved by the trial judge, this court will not set it aside. *Judgment affirmed. All the Justices concurring.*

Argued November 20, — Decided November 28, 1899.

Indictment for shooting at another.  Before Judge Henry. ·
Floyd superior court.  July term, 1899.

*Fouche & Fouche,* for plaintiff in error.
*Moses Wright, solicitor-general,* contra.