## 20195. FOSTER v. PEOPLES BANK.

JENKINS, P. J.  1. Where money is placed in a bank ·on general deposit, the rule is that the title passes immediately to the bank, and the relation of debtor and creditor is thereby created between the bank and the depositor. *McGregor* v. *Battle,* 128 *Ga.·* 577 (58 S. E. 28, 13 L. R. A. (N. S.) 185). This rule applies also to checks or drafts, if they are received on deposit with the intention that they be treated as cash. *First National Bank* v. *McMillan,* 15 *Ga. App.* 319, 322 (83 S. E. 149); *Few* v. *First National Bank,* 40 *Ga. App.* 791 (2) (151 S. E. 546).

2. Ordinarily, where checks or drafts are indorsed and deposited in a bank, the presumption is that the title does not pass and the relation of debtor and creditor does not exist until the collection has been made, and a credit made in anticipation of collection will be deemed provisional, and the bank may cancel the credit or charge back the paper to the customer's account if the check or draft be not paid on proper presentation. *Bank* v. *McMillan,* supra; *Gulf States Lumber Co.* v. *Citizens First National Bank,* 30 *Ga. App.* 709 (119 S. E. 426). If the indorsement be entered in terms as for collection, such a presumption would be conclusive; but if the indorsement be in blank, the presumption would give way to any contrary understanding shown to have actually existed. Accordingly, where a check was indorsed in blank "in the ordinary course of business," and "without any express agreement or understanding" as to the character of the deposit, except that the deposit-book contained a stipulation indicating a general rule that checks received on deposit would be taken· for collection only, with the right on the part of the bank to charge back the credit in the event the check should fail to be paid on proper presentation, the relation·of debtor and creditor would not exist unless the acts and conduct of the parties amounted to the equivalent of some actual express agreement or understanding contravening the general rule. But where the check was indorsed in blank, even despite such general stipulation contained in the pass-book, if it further appears from the surrounding facts and circumstances that it was the actual intention of the parties that title to the paper should pass, the general rule stated would give way to such actual understanding, and the relation of debtor and creditor as contemplated would be given effect.

3. In the instant case, where the customer deposited with the plaintiff bank a cashier's check on another bank in the same city for $2,000, indorsed by him in blank, receiving the plaintiff bank's unconditional time-certificate of deposit, which set forth that the customer had deposited in the bank $1,000, payable to the customer's order six months after date, with interest at 5 per cent., and a further credit in his pass-book for the remaining $1,000, and where the plaintiff bank, on the day following the deposit of the cashier's check, presented it to the bank

issuing it, in the same city, along with other checks drawn on the same bank and held by the plaintiff bank, amounting in all to $2,585.10, and received from the other bank items drawn on the plaintiff bank amounting to $339.74, and a check on a third bank in another city, drawn to the plaintiff bank, for the difference, which latter check, on presentation, was protested by the bank on which it was drawn, the issuing bank having failed in the meantime, and where the plaintiff bank thereafter, with full knowledge of the failure of the bank issuing the cashier's check and of the non-payment of the check issued to it by the failing bank, paid over to the customer, on his demand, all funds held on general deposit, including the $1,000 item deposited as the proceeds of the cashier's check, and, at its maturity, paid the time-certificate of deposit in full, it was error for the court, in a suit of the plaintiff bank against the customer for the amounts thus knowingly and voluntarily paid by it, not predicated, however, upon any liability on the defendant's part under his indorsement of the check, to direct a verdict in favor of the plaintiff for the amount of the cashier's check, with interest thereon, on the theory that the plaintiff bank, as a matter of law, became the mere agent of the customer for the collection of the cashier's check. This is true despite the general rule, in view of the unconditional promise of the bank to pay a half portion of the proceeds of the deposit and its subsequent conduct above narrated, which might be taken as a recognition of the understanding existing at the time the check was received. Furthermore, it was a question for the jury to determine, in the event they should find that the bank was merely the agent of the depositor for collection of the check, whether as such agent it had, under the facts and circumstances, exercised due diligence in collecting the check by accepting in exchange a check on a distant bank for a portion of the amount. See, in this connection, *Baldwin State Bank* v. *National Bank*, 144 *Ga.* 181 (1 *a*) (86 S. E. 538); *Walton Guano Co.* v. *McCall*, 111 *Ga.* 114, 116 (36 S. E. 469); 7 C. J. 610, 614, §§ 268, 276, 277; 3 R. C. L. 616, § 245. The general provision contained in the customer's pass-book, that the bank reserved the right to "send items direct to institutions where payable and to accept their exchange draft in lieu of money," does not abrogate the rule as to diligence in collecting checks received on deposit, as might be measured and determined by the facts and circumstances of the particular transaction, it not being shown in the instant case that the plaintiff bank was unable to obtain cash in lieu of the exchange check drawn on a bank in a distant city.

4. Where the petition of the plaintiff bank against its customer sought, by reason of the facts set forth in the third division, supra, to recover the amount of the cashier's check deposited with it by the customer, and it was alleged that the cashier's check was deposited for collection for the customer's account, and was handled by the plaintiff in the usual and customary manner and as the parties contemplated it should be handled, the court properly overruled a motion to dismiss the suit, in the nature of a general demurrer. But, under the rulings set forth, a verdict in favor of the plaintiff was not demanded, and the court erred in directing such a verdict.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided September 27, 1930.

*Willis Smith, A. B. Taylor, Smith & Millican,* for plaintiff in error.

*Boykin & Boykin,* contra.