PEOPLES BANK v. FOSTER.

2

No. 9962.   DECEMBER 13, 1934.

*Boykin & Boykin,* for plaintiff.

*Willis Smith* and *Smith & Millican,* for defendant.

BELL, Justice.   Certiorari was granted to review the decision of the Court of Appeals in *Foster* v. *Peoples Bank,* 47 *Ga. App.* 447 (170 S. E. 408).   A statement of the essential facts will be found in that report.   See also a prior decision in the same case, 42 *Ga. App.* 102 (155 S. E. 62).   This court is of the opinion that the judgment of the Court of Appeals is correct, for reasons stated in the syllabus, only the second division of which would seem to require elaboration.   At the time Foster, the defendant, deposited the cashier's check in the Peoples Bank, this bank issued to him a pass-book containing a statement that the bank reserved the right "to send items direct to institutions where payable, and to accept their exchange drafts in lieu of money."   Peoples Bank, the plaintiff, contends, among other things, that the record shows that Foster signed the pass-book at the time it was issued to him, and therefore, in the absence of evidence to the contrary, he is presumed to have assented to the stipulation.   The question whether Foster signed the pass-book depended upon the testimony of an employee of the Peoples Bank, the material portion of which, as it appears in the record, is as follows: "I was working there [in the Peoples Bank] on the 29th of December, 1925.   I [accepted] a deposit by

Mr. Foster on the 29th or 28th. That, sir, that is my writing. I made out that book [indicating], deposit book, checking account. He put in the bank, put there on that deposit book that day, if I remember correctly, a cashier's check on the Citizens Bank. That is it [indicating]. I gave him credit on the commercial book for $1000. And he wanted with the other $1000 a time certificate. I can't tell what time that check was deposited by Mr. Foster. The time of day. I don't remember the time of day. At ten o'clock is the clearing hour for the bank. If the check had been in at ten o'clock that day, they would have cleared it. It cleared December 30th. It was put in after clearing hours. After ten o'clock on the 29th. I don't recollect whether I did the clearing or not that day. When Mr. Foster brought this in there I don't recollect. If I made it out I would know it. Deposit J. T. Foster 29th [indicating]. That is my writing. I made that out; yes, sir, I made it out. When I made it out I don't know what Mr. Foster said to me, if anything. I don't recollect the conversation. If anything was said about it, I don't recollect anything. He did not ask me for a time certificate for $1000. Not to my knowledge. At the time he deposited it I did make out the pass-book, I am sure I did. He wrote J. T. Foster on the back of it. He did, I am sure."

After a most careful examination of this record, we are unable to agree that it demands the inference that the defendant signed the pass-book, as contended. A reasonable interpretation will be shown by the following portion of the quoted testimony, with brackets to indicate the probable meaning of the word "it" in each instance: "At the time he deposited it [the cashier's check] I did make out the pass-book. I am sure I did. He wrote J. T. Foster on the back of it [that is, on the back of the thing deposited, namely the cashier's check]. He did I am sure." In one of the briefs of counsel for the defendant in certiorari is a statement of what purports to be a transcript of stenographer's notes from which the portion of the brief of evidence as quoted above was prepared. Such statement is no part of the record, and can not be considered. The record alone, however, fails to show as a matter of law that the defendant signed the pass-book, and does not demand the inference that he assented to the stipulation in question. Accordingly, we agree with the Court of Appeals that it was error for the trial judge to refuse the request to charge.

*Judgment affirmed. All the Justices concur.*