24924. PEOPLES BANK *v.* FOSTER.

DECIDED MARCH 24, 1936.

*Boykin & Boykin,* for plaintiff.
*Willis Smith, Smith & Millican,* for defendant.

STEPHENS, J. This case has been here twice, and once in the Supreme Court. *Foster* v. *Peoples Bank,* 42 *Ga. App.* 102 (155 S. E. 62); *Foster* v. *Peoples Bank,* 47 *Ga. App.* 447 (170 S. E. 408); *Peoples Bank* v. *Foster,* 180 *Ga.* 1 (177 S. E. 721). The Peoples Bank sued Foster on his indorsement of a check for $2000. It was alleged in the petition that Foster deposited in the Peoples Bank the check which was issued by Citizens Bank; that the Peoples Bank accepted the check for collection for the account of Foster, and gave him a time certificate for $1000, and a pass-book in which he was credited with $1000; that on the next day the Peoples Bank presented the check to the Citizens Bank for payment, and the latter gave the former a check on a Baltimore bank

in a sum sufficient to pay its $2000 check and some small items in addition; that when the Citizens Bank check reached the Baltimore bank, payment was refused because the Citizens Bank had failed and was then in the hands of the superintendent of banks of Georgia. Other allegations in the petition are not now material.

G. C. Cook, the cashier of the plaintiff bank, testified that he recalled the transaction when the check of the Citizens Bank indorsed by J. T. Foster was deposited at the teller's window and that Grady Middlebrooks handled the transaction. He testified further as follows: "This book was made out and given to Mr. Foster. This book shows a deposit of $1000. This is a general deposit. We issued him a time certificate. . . The deposit was made after 10 o'clock on December 29. . . It was cleared on December 30th. When we cleared it, we accepted exchange on Baltimore. That check was turned down. We never did receive a dollar on it. This check of the Citizens Bank dated December 28, 1925, for $2000, was deposited in the Peoples Bank, $1000 on time certificate, and $1000 on general deposit. The time certificate when it matured at the expiration of six months was paid to Mr. Foster. I paid him interest on it also. Just a few days later he drew out the money he had on general deposit. The Citizens Bank was open and operating on the day they gave us the exchange on the Baltimore bank. Mr. Foster did not know anything about us accepting the exchange. On the pass-book Mr. Foster did not sign his name. His name was placed there by Mr. Grady Middlebrooks. Mr. Foster has had this pass-book since December 29, 1925. I was not able to get Mr. Foster's check and deliver it back to him and charge it to his account. The banking department refused to let me have it, and that is the reason I did not charge it back. We tried to collect it out of the Citizens Bank after it was in the hands of the banking department. We could not. I knew at the time we paid Mr. Foster the interest that the bank in Baltimore had turned down this draft."

The plaintiff introduced a telegram from the Baltimore bank to the Peoples Bank, dated January 6, 1926, which stated that the Citizens Bank check had been protested, etc.; the $2000 check of Citizens Bank to the order of J. T. Foster, indorsed by him and marked "Paid 12-30-25;" the pass-book on which appeared the following: "Notice: Always bring your book with your deposits.

See that the entries agree with your tickets. Items are credited or cashed subject to final payment in cash. This bank acts only as depositor's agent and will not be liable in case of failure or negligence of collecting agents, or for loss in mail. Right is reserved to send items direct to institutions where payable and to accept their exchange draft in lieu of money. Items on this bank not good at close of business may be charged back;" and the check of Citizens Bank on the Baltimore bank, with memorandum of protest thereon. At the close of the plaintiff's evidence, the defendant moved·for a nonsuit, which was granted by the court. This is assigned as error.

Comparing the evidence above recited with the evidence as recited in the decisions in *Foster* v. *Peoples Bank*, 47 *Ga. App.* 447 (170 S. E. 408), and *Peoples Bank* v. *Foster*, 180 *Ga.* 1 (177 S. E. 721), there are some points of difference. The plaintiff's only witness testified that the pass-book given to Foster was not signed by him, but that his name was put on it by the bank teller; and that Foster did not know "anything about us accepting the exchange." There was no testimony as to a custom of the banks to accept exchange in lieu of cash in collecting the check of another bank. There was no testimony that Foster was advised that the check of the Citizens Bank was accepted by the Peoples Bank "for collection," in any manner other than by the notice contained in the pass-book. There was no testimony that his attention was called to this notice. There was no proof that the Citizens Bank would or could not have paid cash, if the Peoples Bank had demanded it. This case is controlled by the rulings in *Foster* v. *Peoples Bank*, 47 *Ga. App.* 447 (2, 4, 6) (170 S. E. 408) and *Peoples Bank* v. *Foster*, 180 *Ga.* 1 (3) (177 S. E. 721). The nonsuit was properly granted.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*