33239. JONES *v.* THE STATE.

DECIDED OCTOBER 10, 1950.

478

W. G. Neville, William J. Neville, for plaintiff in error.

Walton Usher, Solicitor-General, contra.

GARDNER, J. 1. So far as the general grounds are concerned, the evidence abundantly sustains the verdict. The jury had a right to believe the testimony of Anthony Pryor; they had a right to believe him in preference to that portion of Johnnie Washington's testimony to the effect that Anthony Pryor was cursing and kicking on the door. They had a right to believe the statement of the defendant in whole or in part, or to disbelieve it.

2. Special ground 1 states that the court erred in charging the jury as follows: "Now, a man has a right to defend his home, his habitation, against intruders and against assaults made upon him, but I charge you that he does not have any right to adopt any means in an effort to protect his home other than necessary to protect it. In other words, provocation by words, threats, menaces, contemptuous gestures or any other thing of that kind would not justify, would not be sufficient to justify and free a person from an attempt to kill a person. He is entitled to use only such force as is necessary to prevent his habitation being invaded by somebody who undertakes to invade it, if you find that an attempt was made."

It is contended that this charge was inadequate and did not sufficiently instruct the jury as to the law governing the case on trial. It is contended that the court should have been charged as follows: "A person may be justified in killing to prevent his habitation from being entered through violence or surprise by persons attempting to enter in a riotous manner, even though they have no actual or apparent intention to commit a felony therein but intending merely to commit a misdemeanor upon the slayers or some person dwelling in the habitation."

Counsel cite in support of this, Brown v. State, 8 Ga. App. 383 (6) (69 S. E. 45). Under the facts of the instant case the

court did not err as set forth in special ground 1, and the *Brown* case, supra, does not sustain the contentions of counsel for the defendant under the facts of this case. The Code section on this subject will be found codified as § 26-1013, which reads as follows: "If after persuasion, remonstrance, or other gentle measures used, a forcible attack and invasion on the property or habitation of another cannot be prevented, it shall be justifiable homicide to kill the person so forcibly attacking and invading the property or habitation of another, but it must appear that such killing was absolutely necessary to prevent such attack and invasion, and that a serious injury was intended or might accrue to the person, property, or family of the person killing." We think that the charge of the court was more favorable to the defendant than he was entitled to under the evidence in this case.

3. Special grounds 2 and 3 assign error because the court did not charge upon the doctrine of reasonable fears. The facts of this case, neither from the defendant's statement nor otherwise made it reversible error not to charge this doctrine, either as to whether it was dependent upon direct or circumstantial evidence. The case of *Hughes* v. *State*, 159 *Ga.* 828, 837 (2) (127 S. E. 113), does not sustain the contention of the defendant, under the facts of this case, from any viewpoint. In this connection, see *Nixon* v. *State*, 101 *Ga.* 574 (28 S. E. 971), to the effect that opprobrious words are not sufficient to justify an attempt with a deadly weapon. See also *Mitchell* v. *State*, 110 *Ga.* 272 (3) (34 S. E. 576).

In conclusion, we might state that counsel for the defendant contend that no reason for the shooting and no malice were shown. We think that the jury were authorized to find from the evidence that the defendant showed an abandoned and malignant heart brought about by voluntary intoxication. It appears from the entire record that the defendant received a very light sentence indeed from the jury and the court under all the facts of this case.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*