## 42769. TOLAND v. THE STATE.

JOSLIN, Judge. This is an appeal from a conviction on a charge of unlawfully possessing one Chevrolet in the County of Fulton, knowing that the identification number of said automobile had been removed and falsified with an intent to misrepresent the identity of said automobile. The counsel for the accused filed several general and special demurrers to the indictment and made several motions at the close of the State's testimony. The only error asserted by the counsel for the accused which has any substance is that of the lack of sufficient proof of venue, and this matter will be disposed of first.

The counsel for the accused moved, after the State had rested, for a directed verdict of acquittal on the grounds that there had been no evidence, and that the record was entirely silent as to venue being proved in the case. This motion was overruled, and thus the question of proper proof of venue is brought before us.

Under the Georgia Constitution, Art. VI, Sec. XIV, Par. VI (*Code Ann.* § 2-4906), and under the *Code,* § 27-1101, the venue for a criminal case is required to be in the place where the crime was committed, and pursuant to these mandates it has been held that in a criminal case the venue of the crime must be established clearly and beyond a reasonable doubt. *Murphy v. State,* 121 Ga. 142 (48 SE 909); *Bridges v. State,* 72 Ga. App. 390 (33 SE2d 850). Whether or not these constitutional and statutory provisions reflect the horse and buggy days and should be considered for modernization, is not in issue here, but it may be suggested that the venue laws are completely outmoded and should be carefully considered for revision.

A careful examination of the evidence in this case fails to disclose circumstances sufficient to authorize a jury to find that the crime was committed in the county alleged in the indictment. In examining this evidence, any theory of vicarious establishment of venue was considered and found not to have given sufficient proof of the alleged venue.

Although the counsel for the accused raised the objection to venue on a motion for acquittal, this does raise the question of venue sufficiently to justify the remanding of the case for retrial.

Other motions made by the counsel for the accused which were also overruled are no longer pertinent in that the finding of lack of proof of venue is determinative of them.

As to the demurrers to the indictment: Demurrer No. 1 alleges misjoinder of the offense of the two separate counts in the indictment, one count being that of larceny of a certain Chevrolet, and the other being the altering of the serial numbers and possession of the same automobile with an altered identification number. This demurrer was not well taken, and the court was not in error in overruling it. Inasmuch as the two counts of the indictment charge a crime of the same degree and the same nature, the State is not required to elect upon which count to try the defendant in this situation. *Ivester v. State,* 75 Ga. App. 600 (44 SE2d 61); *Law v. State,* 110 Ga. App. 364 (138 SE2d 588).

Demurrer No. 2 was on the grounds that the indictment did not sufficiently set forth the crime as charged, with the specific law of Georgia that was violated, nor did it describe the offense in the language of the law. This demurrer was not well taken inasmuch as it raises only the question of whether a citation to the crime could be made by reference to the Georgia Code Annotated instead of the Acts under which the crime was created. See *Disharoon v. State,* 95 Ga. 351 (22 SE 698), and *Cabaniss v. State,* 8 Ga. App. 129 (68 SE 849). The trial court, therefore, did not err in overruling this demurrer.

Demurrer No. 3 raised the question as to whether the indictment negatived all methods by which an automobile could legally be possessed with an identification number removed. This demurrer was properly overruled and need not be considered further.

Demurrer No. 4, stating that Count 2 of the indictment did not sufficiently state an offense in the language of the Georgia law, is without substance and was properly overruled.

Demurrer No. 5, alleging that the count was not so plainly worded that the nature of the offense charged might be easily understood by the jury, is without merit, and the order overruling this demurrer was also properly issued.

As there was not sufficient evidence to establish venue in Fulton

County, this court, taking judicial notice that Atlanta is composed of more than one county or parts thereof, holds that the accused is entitled to a new trial, and it is so ordered.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Pannell, J., concur.*

ARGUED MAY 1, 1967—DECIDED MAY 25, 1967.

*L. Paul Cobb, Jr.,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Stanley Herndon,* for appellee.