### 46597. TAYLOR v. MALDEN TRUST COMPANY.

PANNELL, Judge. Malden Trust Company brought a complaint in the State Court of DeKalb County, Georgia, against William R. Taylor for various sums of money lent pursuant to a loan agreement between the parties attached to the complaint. The defendant answered denying the indebtedness and brought a third-party complaint against several corporations alleging that the third-party defendants were "all subject to the jurisdiction of this Honorable Court, having designated W. Charles LaShanna at First National Bank Building, Atlanta, Georgia, as agent for service," and further alleged in substance that the money borrowed was for the benefit of the third-party defendants and that they were the beneficiaries of the loan transaction and prayed recovery against them in the event of a recovery against the defendant third-party complainant. The complainant moved to dismiss the third-party complaint on the ground that the complaint on its face showed a lack of venue in the State Court of DeKalb County as to the defendants named in the third-party complaint and on three additional grounds, all of which were to the effect that the third-party complaint failed to state a claim. The trial judge sustained the motion and the defendant third-party complainant appealed to this court. *Held:*

1. This court will take judicial cognizance that Atlanta, Georgia, lies partly in Fulton County and partly in DeKalb County (*Ga. Power Co. v. Gillespie,* 48 Ga. App. 688, 695 (173 SE 755)), but we cannot take judicial cognizance that First National Bank Building in Atlanta, Georgia, is located in the Fulton County part thereof.

See *Kolman v. State,* 124 Ga. 63 (52 SE 82); *Causey v. Swift & Co.,* 57 Ga. App. 604, 610 (196 SE 228); *Johnson v. City of Atlanta,* 70 Ga. App. 473 (28 SE2d 580). Accordingly, the third-party complaint does not show on its face that the State Court of DeKalb County does not have venue jurisdiction thereof. As to the proper result in the event the third-party complaint had so shown on its face, see *Register v. Stone's Independent Oil,* 227 Ga. 123 (179 SE2d 68), overruling *Register v. Stone's Independent Oil,* 122 Ga. App. 335 (177 SE2d 92).

2. The third-party complaint was sufficient to set forth a claim.

3. The trial court therefore erred in dismissing the third-party complaint upon the motion made. Whether the plaintiff was a proper party to make a motion to dismiss a third-party complaint is not decided.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*
SUBMITTED OCTOBER 4, 1971—DECIDED JANUARY 6, 1972.

*Gilbert & Carter, Fred A. Gilbert,* for appellant.
*Candler, Cox & Andrews, E. Lewis Hansen,* for appellee.