## 53044. PHILLIPS v. ABEL.

MARSHALL, Judge.

Appellant Phillips, defendant below, brings this appeal from the verdict and judgment of the trial court in favor of appellee Abel for damages resulting from a breach of contract to purchase an automobile.

Abel, pro se, alleged in his amended complaint that Phillips resided at "4705 Millbrook Dr., N. W., Atlanta, Georgia." The suit was brought in the Civil Court of Fulton County. Phillips moved to dismiss the complaint for failure to set forth facts upon which the court's venue was based under Code Ann. § 81A-108 (a). He also moved for summary judgment. Both motions were denied by the trial court. Thereafter, following bench trial, judgment was entered for Abel. Phillips urges two enumerations of error, one based on the denial of the motion for summary judgment and the other based on the denial of the motion to dismiss. *Held:*

1. The enumeration of error based upon the denial of summary judgment is based on a faulty premise. After verdict and judgment, it is too late to review a judgment denying a summary judgment for that judgment becomes moot when the court reviews the evidence upon the trial of the case. *Patterson v. Castellaw,* 119 Ga. App. 712, 718 (168 SE2d 838); *Hiller v. Culbreth,* 139 Ga. App. 351 (228 SE2d 374); *Mullinax v. Singleton,* 139 Ga. App. 704, 705 (229 SE2d 518). This enumeration is without merit.

2. In the second enumeration of error, Phillips contends that the trial court could not take judicial notice of the street address contained in the petition so as to establish Phillips' residence as lying in Fulton County. In the absence of such a showing within the four corners of the petition, he maintains the trial court erred in denying the motion to dismiss for failure to show venue.

It is the law of this state that evidence of venue, though slight, is sufficient in the absence of conflicting evidence. *Aldridge v. State,* 236 Ga. 773, 774 (225 SE2d 421); *Loftin v. State,* 230 Ga. 92, 93 (195 SE2d 402); *Carter v. State,* 137 Ga. App. 824, 826 (4) (225 SE2d 73). Though the trial court conducted a hearing into the motion

brought by Phillips, there was no evidence presented that the geographical area represented by the northwest quadrant of Atlanta, Georgia, is not within Fulton County. See *Taylor v. Malden Trust Co.*, 125 Ga. App. 262 (1) (187 SE2d 307).

The trial court did not err, therefore, in denying the motion to dismiss for failure of the petition to establish venue. *Wilkes v. State,* 238 Ga. 57.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED NOVEMBER 3, 1976 — DECIDED JANUARY 26, 1977 — REHEARING DENIED FEBRUARY 16, 1977 — ▮▮▮▮▮

*Redfern, Butler & Morgan, Rex M. Lamb, III,* for appellant.

Charles Lynn Abel, *pro se.*

*Nall, Miller & Cadenhead, David G. Crockett,* for appellee.

