## 55695. THOMAS v. THE STATE.

SHULMAN, Judge.

This appeal follows defendant's conviction for armed robbery, aggravated assault, and motor vehicle theft.

1. Appellant, citing *Iler v. State,* 139 Ga. App. 743 (2) (229 SE2d 543), contends that the trial court erred in denying his motion for mistrial and in not rebuking the district attorney following a statement by the district

attorney during closing argument to the effect that a certain witness had lied.

This enumeration is controlled adversely to appellant by *Shy v. State,* 234 Ga. 816, 824 (218 SE2d 599). See also *Wallace v. State,* 146 Ga. App. 21. As in those cases, the evidence here authorized an inference that the witness had lied. Insofar as certain dictum in *Iler* conflicts with *Shy,* that dictum is not the law of this state and will not be followed.

2. Appellant, relying on *Painter v. State,* 237 Ga. 30, 34 (226 SE2d 578), urges that the court erred in holding that the offenses of motor vehicle theft and armed robbery did not merge.

The evidence was sufficient to authorize a finding that defendant took the victim's money at gunpoint, tied up the victim, and fled in the victim's car. Under these circumstances, there was no merger as a matter of fact or law. *Holt v. State,* 239 Ga. 606 (238 SE2d 399).

3. Appellant argues that the court erred in charging the law relative to armed robbery when the indictment alleged robbery by intimidation.

The indictment in this case alleged that the defendant "did unlawfully with intent to commit theft, took from the person of and immediate presence of [the victim certain enumerated property] . . . by use of a pistol and a sawed off shotgun, the same being deadly weapons . . ." It is submitted that Code Ann. § 26-1902, defining armed robbery, requires use of an offensive weapon, not a deadly weapon, and therefore that the indictment did not charge appellant with armed robbery but only with a lesser offense.

When refined, this enumeration is a challenge to the form of the indictment. Appellant's failure to object to the asserted defect precludes his challenge. *Mimbs v. State,* 139 Ga. App. 204 (2) (228 SE2d 193). Moreover, the indictment fully informed defendant that he was being charged with armed robbery*(Stephens v. State,* 239 Ga. 446 (238 SE2d 29)), and the evidence fully authorized the charge and verdict.

4. In two related enumerations, appellant asserts that the trial court's instructions concerning armed robbery and motor vehicle theft constituted reversible

error. Immediately following the respective charges on armed robbery and motor vehicle theft, the trial court instructed that convictions were authorized if the jury believed beyond a reasonable doubt that defendant committed the offenses. It is argued that this charge emphasized guilt and that the instructions on each offense should have been modified to reflect that an acquittal was in order if the jury did not believe beyond a reasonable doubt that the elements of the offense had been proven. We disagree.

A review of the general charge shows that, following a definition of reasonable doubt, the jury was instructed that, "If after giving consideration to all facts and circumstances in this case, your minds are wavering, unsettled and unsatisfied; then that is the doubt of law and you should acquit." Reversal is not required on the ground urged by appellant. *Collins v. State,* 199 Ga. 830 (2) (35 SE2d 452); *Mitchell v. State,* 110 Ga. 272 (5) (34 SE 576).

5. Appellant submits that he was not notified prior to trial of the state's intention to introduce prior convictions at the pre-sentence hearing. He argues that the court erred in considering these convictions in passing sentence.

The record shows that in passing sentence, the trial court considered three prior convictions. Although defendant had not been notified prior to trial of the state's intention to introduce the convictions, defendant was informed prior to the pre-sentence hearing that the convictions would be considered. Counsel who had represented this defendant in the court below had represented defendant in two of the cases considered by the trial court. In the third case considered, the court determined that defendant was represented by counsel. Appellant did not admit that he had in fact been convicted or represented. Compare *Herring v. State,* 238 Ga. 288 (4) (232 SE2d 826). The defendant received the maximum sentence on each count to run concurrently.

The trial court erroneously considered these prior convictions without compliance with Code Ann. § 27-2503. This case must be reversed as to sentence only and remanded for a new sentence hearing. *Moss v. State,*

144 Ga. App. 226 (240 SE2d 773).
*Judgment reversed as to sentence only and remanded for resentencing. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED APRIL 11, 1978 — DECIDED JULY 3, 1978.

*H. G. Bozeman,* for appellant.
*Beverly B. Hayes, District Attorney, James Stanley Smith, Jr., Assistant District Attorney,* for appellee.