## 63978. WILLIAMS v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction and sentence for aggravated assault. *Held:*

1. In his first enumeration defendant raises the general grounds and argues that the evidence is not sufficient to establish venue or to support the verdict.

The case was tried in Macon, Bibb County and venue was not raised as an issue during the trial. The evidence showed that the defendant and victim were staying at a residence also occupied by a

Mrs. Felts, and that the assault occurred therein. On defense cross examination, Mrs. Felts testified that she had not invited defendant to stay with her in Macon and that defendant was responsible for bringing the victim to Macon. The victim testified that he had stayed at Mrs. Felts' since he arrived in Macon with defendant in January (when the assault occurred), and that he rode to Macon from Valdosta with the defendant and decided to spend some time in Macon. The police officer who was sent to the Felts' residence after the assault occurred testified that he was a member of the Macon Police Department, was patrolling in South Macon when he received the call about the shooting, and arrived at the Felts' residence about three minutes after he received the call.

"[W]here venue is not contested slight proof will suffice [cit.] ..." *Carter v. State,* 146 Ga. App. 681 (247 SE2d 191).

This court may take judicial notice of the location of cities within a county. *Carter v. State,* 146 Ga. App. 681, supra; *Landy v. State,* 155 Ga. App. 763 (3) (272 SE2d 735). We take judicial notice that Macon, Georgia is located in Bibb County.

Defendant's citation of *Patterson v. State,* 157 Ga. App. 233 (276 SE2d 900), to show that the evidence is insufficient to establish venue is factually distinguishable as the offense took place in an automobile apparently traveling from someplace in Augusta to Fort Gordon with nothing locating it in Richmond County.

We find the evidence is sufficient not only to authorize a rational trier of fact to find venue in Bibb County, but also to find defendant guilty of the offense, beyond a reasonable doubt.

2. At the presentencing hearing the state produced evidence of two prior convictions of defendant in Florida. Defendant asserts as error the admission of these convictions over his objection on the grounds that he had received notice of them only the day before the presentencing hearing, not prior to trial as required by Code Ann. § 27-2503 (a) (Ga. L. 1975, pp. 352, 357), and because defendant testified that he was not represented by counsel.

Code Ann. § 27-2503 (a), supra, provides that in a presentence hearing "only such evidence in aggravation as the State has made known to the defendant prior to trial shall be admissible."

"The purpose of Code Ann. § 27-2503 (a) is to allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial." *Herring v. State,* 238 Ga. 288 (4), 290 (232 SE2d 826).

In *Herring v. State,* prior convictions were admitted which were not provided defendant prior to trial but prior to the presentencing

hearing. The noncompliance with Code Ann. § 27-2503 (a) was held to be harmless error because the defendant and his counsel were given as much time as they needed to examine the convictions and contest them and defense counsel admitted they were valid and that the defendant had been represented by counsel.

However, in *Thomas v. State,* 146 Ga. App. 501 (5) (246 SE2d 498), where defendant was not notified of the prior convictions until after trial and prior to the presentencing hearing, and the defendant did not admit that he had been convicted or represented by counsel, we held that the trial court had erroneously considered the convictions and reversed the sentence.

In the instant case defendant was not notified of the convictions prior to trial, and did not admit that he was convicted or represented in the 1959 conviction. Although the minutes of the court in the 1969 conviction indicated that defendant was represented by a public defender, defendant testified that no counsel was present in court when he pleaded guilty and was sentenced for that offense. Accordingly, we find that the trial court erroneously considered the convictions, reverse as to the sentence only, and remand for a new sentence hearing.

*Judgment of conviction affirmed; remanded for resentencing. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 22, 1982.

*Randall P. Harrison,* for appellant.
*Willis B. Sparks III, District Attorney, Graham A. Thorpe, G. F. Peterman III, Assistant District Attorneys,* for appellee.