40443. MELTON v. THE STATE.

MARSHALL, Presiding Justice.

This is a case in which a convicted child-molester argued, for the first time at his sentencing hearing, that the evidence adduced at trial was insufficient to prove venue in the county of the superior court in which the trial was held, i.e., Fulton County. Therefore, the defendant argues that his conviction must be reversed, and he further argues that his retrial is barred under the Double Jeopardy Clause.

The proof here showed that on three occasions the defendant forcibly had sexual relations with his stepdaughter, who was 11 years of age at the time of trial, and that this occurred at their home in College Park, Georgia. College Park is located partially in Fulton County and partially in Clayton County. The defendant argues that the evidence here is insufficient to show venue in Fulton County, relying on the holding that "proof that an offense was committed in a designated municipality is not of itself sufficient to show venue in any particular county of this State . . ." *Gibson v. State,* 52 Ga. App. 297, 299 (183 SE 83) (1935) and cits. The state relies on the line of cases

holding that, in deciding whether the evidence is sufficient to prove venue, the court may take judicial notice of the fact that a particular city is located within a particular county. *Williams v. State,* 162 Ga. App. 680 (1) (292 SE2d 560) (1982) and cits.; *G. S. K. v. State of Ga.,* 147 Ga. App. 571 (1) (249 SE2d 671) (1978) and cits.

However, the evidence as to venue in this case showed more than that the crimes were committed in College Park; the evidence also showed that the victim attended the Fulton County school system. We agree with the Court of Appeals that in the absence of conflicting evidence, this was sufficient to show that the party's home was located in Fulton County. As held in *Williams v. State,* supra, where venue is not contested, slight evidence will suffice.

*Judgment affirmed. All the Justices concur, except Hill, C. J., Smith and Bell, JJ., who dissent.*

DECIDED JANUARY 31, 1984 —
REHEARING DENIED FEBRUARY 15, 1984.

*Nathan B. Deaton, Harvey A. Monroe,* for appellant.
*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney,* for appellee.

SMITH, Justice, dissenting.

The constitutional and statutory law of this state require that all criminal cases be tried in the county where the crime was committed. Art. 6, Sec. 2, Par. 6, Ga. Const. of 1983, OCGA § 17-2-2 (Code Ann. § 26-302). I would reverse the appellant's conviction on the ground that the state did not prove that the crime with which he was charged was committed in the county where he was tried.

Venue is a jurisdictional fact that must be proved beyond a reasonable doubt, *Toland v. State,* 115 Ga. App. 786 (156 SE2d 215) (1967), and where there is insufficient evidence of venue the verdict rendered is contrary to law and without evidence to support it. *Parks v. State,* 212 Ga. 433 (93 SE2d 663) (1956). Proof of residence in a city which lies in more than one county is insufficient to prove venue in either county, *Harmon v. Harmon,* 209 Ga. 474 (74 SE2d 75) (1953), and judicial notice will not be taken that a particular address or building in a city, without more, is in one county or another. *Taylor v. Malden Trust Co.,* 125 Ga. App. 262 (1) (187 SE2d 307) (1972).

The evidence submitted here that the victim attended Fulton County schools and that part of College Park lies in Fulton County does not establish beyond a reasonable doubt that the home of the defendant and his victim is in Fulton instead of Clayton County. I

agree that only slight proof of venue is necessary where venue is not contested at trial. Nonetheless, this slight proof must also be established beyond a reasonable doubt and the actions of the defendant in not contesting venue do not relieve the state of its burden of proof or add any burden to the defendant. *Carter v. State,* 146 Ga. App. 681 (247 SE2d 191) (1978). Therefore, I dissent from the majority opinion and would reverse and remand for a new trial.

I am authorized to state that Chief Justice Hill and Justice Bell join in this dissent.