### 71288. JACKSON v. THE STATE.
(341 SE2d 274)

BENHAM, Judge.

Appellant was indicted for and convicted of the misdemeanor of simple battery. OCGA § 16-5-23 (a) (1). In his sole enumeration of error, appellant contends that the State failed to prove venue.

It was established at the Gwinnett County trial that the battery occurred on the street just outside the clubhouse of the Stephens Hills Subdivision. A companion of the victim testified that the subdivision was in Gwinnett County, and a Gwinnett County police officer was the first law enforcement officer to arrive at the scene described as being "on Hill Drive in Duluth." Inasmuch as this court is permitted to take judicial notice of the location of a city within the boundaries of a county, we take judicial notice that Duluth is located in Gwinnett County. See *Williams v. State*, 162 Ga. App. 680 (1) (292 SE2d 560) (1982).

The Constitution of Georgia mandates that "all criminal cases

shall be tried in the county where the crime was committed. . . ." Ga. Const. 1983, Art. VI, Sec. II, Par. VI. See also OCGA § 17-2-2 (a). "[T]he venue of the crime must be established clearly and beyond a reasonable doubt. [Cits.]" *Toland v. State*, 115 Ga. App. 786 (156 SE2d 215) (1967). Where, as here, venue is not contested at trial, slight proof of venue is sufficient. *Williams v. State*, supra. The evidence presented at trial as to venue was sufficient to authorize a rational trier of fact to find venue in Gwinnett County. *Melton v. State*, 252 Ga. 97 (311 SE2d 471) (1984); *Williams v. State*, supra.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 7, 1986.

*Wynn Pelham*, for appellant.

*Thomas C. Lawler III, District Attorney, Thomas A. Devlin, Jr., Assistant District Attorney*, for appellee.