72079. WORTH v. THE STATE.
(346 SE2d 82)

CARLEY, Judge.

Appellant was tried before a jury on an accusation charging him with the offense of endangering a security interest in violation of OCGA § 16-9-51. The accusation specifically alleged that appellant had "transfer[red] property, to wit: one Case Tractor Forklift, Serial Number 8676450, said property being subject to a security interest, to wit: Chattel Mortgage, held by The First National Bank of Alma, Georgia, said transfer being done with intent to hinder enforcement of said interest. . . ." The jury returned a guilty verdict. Appellant appeals from the judgment of conviction and sentence entered on that verdict.

1. The general grounds are raised by several enumerations.

Unlike the felony provision of OCGA § 16-9-53, the misdemeanor offense of which appellant was convicted does not require proof of "intent to defraud." OCGA § 16-9-51 requires only proof that one has dealt with property subject to a security interest "with intent to hinder enforcement of that interest. . . ." See *Garrett v. State*, 133 Ga. App. 503 (211 SE2d 441) (1974). The accusation alleged that appellant had done so by "transferring" certain property in which The First National Bank of Alma (the Bank) held a security interest. The property at issue was a specified piece of machinery. Compare *Sowards v. State*, 137 Ga. App. 423 (224 SE2d 85) (1976) (security interest in items of commingled "inventory"). The underlying loan agreement with the Bank contained appellant's specific promise that he would "not remove or attempt to remove said property from said County or State without written consent" and that he would "not sell, lend, mortgage, assign, encumber, secrete, lose possession of, or dispose of said property or any interest therein." Compare *Sowards v. State*, supra at 424 (2). Notwithstanding this promise, when the Bank attempted to take possession of the machinery upon appellant's default on the underlying note, the machinery could not be found. Appellant testified at trial that he had not transferred the property as alleged in the accusation. His testimony was that, as the result of his default on a construction contract, the machinery had been taken by a bonding company to an unknown location. However, the State's evidence showed that appellant had asserted at all times prior to trial that he had voluntarily sold the machinery to his brother. Appellant testified at trial that he did not know where his brother could be located. Compare *Sowards v. State*, supra. This evidence of appellant's

prior inconsistent explanation was probative evidence that he had knowingly "transferred" the machinery to his brother. See *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982).

Intent "is a question of fact which is seldom capable of proof by direct evidence. [Cits.]" *Jones v. State*, 141 Ga. App. 17, 18 (232 SE2d 365) (1977). "A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. The evidence, including the conflicting explanations as to the disposition of the property, authorized a finding that appellant had transferred it with the intent to hinder enforcement of the Bank's security interest therein. Compare *Sowards v. State*, supra.

2. Appellant further asserts that the State failed to prove venue was proper in Bacon County. "In a prosecution under [OCGA § 16-9-51] the crime shall be considered as having been committed in any county where any act in furtherance of the criminal scheme was done or caused to be done." OCGA § 16-9-51 (b). Appellant's contention is that there was no evidence that any act he committed in furtherance of the transfer of the machinery actually occurred in Bacon County rather than in any other county of the State. There was no direct evidence as to the county wherein appellant negotiated for the transfer and then finally parted with possession of the machinery. However, venue may be proved by circumstantial as well as by direct evidence. See *Loftin v. State*, 230 Ga. 92, 94 (195 SE2d 402) (1973). Appellant was in continued possession of the items of personalty in which he had granted the Bank a security interest, including the machinery. The events surrounding the transfer and the location where he parted with possession were thus matters peculiarly within his knowledge. However, appellant's evidence as to the disposition of the property was conflicting and equivocal. "If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." OCGA § 17-2-2 (h).

All actions leading up to and culminating in appellant's grant of a security interest in the piece of machinery at issue took place in Bacon County. Appellant was a resident of and had a place of business in Bacon County. The Bank perfected its security interest by filing a financing statement in the office of the clerk of the Superior Court of Bacon County. See OCGA § 11-9-401 (1) (b). Although there was evidence that the Bank knew that appellant would have occasion to *use* the machinery in other counties, the evidence also showed that appellant had not secured the written consent of the Bank to *keep*

the machinery at any address other than that shown on the documents granting a security interest therein. After appellant's default, certain other items of personalty in which the Bank had a security interest were apparently repossessed from the address shown on the loan documents and were then sold at a sale conducted in Bacon County. "[W]here venue is not contested, slight evidence will suffice." *Melton v. State*, 252 Ga. 97, 98 (311 SE2d 471) (1984). The State's evidence showed beyond a reasonable doubt that Bacon County might have been the site of appellant's commission of an act in furtherance of the criminal transferral of the property. Compare *Trogdon v. State*, 176 Ga. App. 246 (335 SE2d 481) (1985). "We find the evidence is sufficient not only to authorize a rational trier of fact to find venue in [Bacon] County, but also to find [appellant] guilty of the offense, beyond a reasonable doubt." *Williams v. State*, 162 Ga. App. 680, 681 (292 SE2d 560) (1982).

3. Citing *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), appellant attacks a portion of the trial court's charge on intent as unconstitutionally burden-shifting. The contested charge stated that "intent may be presumed when it is the natural and necessary consequence of the acts." The charge made no reference to "rebuttable" presumptions.

The contested charge does not comport with our Supreme Court's suggested instruction on intent. See *Hosch v. State*, 246 Ga. 417, 420 (271 SE2d 817) (1980). "Our approved charge on intent substitutes 'you may infer,' for language stating a presumption." *Godfrey v. Francis*, 251 Ga. 652, 655 (308 SE2d 806) (1983). See also *Lingerfelt v. State*, 255 Ga. 180, 181 (4) (336 SE2d 250) (1985). However, the fact that the instant jury charge is not that suggested by our Supreme Court does not necessarily render it unconstitutionally burden-shifting. See *Mobley v. State*, 162 Ga. App. 23, 24 (2) (288 SE2d 702) (1982).

In *Sandstrom v. Montana*, supra, "the trial judge charged the jury that, " ' "*(t)he law presumes* that a person intends the ordinary consequences of his voluntary acts." ' [Cit.]" (Emphasis supplied.) *Williams v. Kemp*, 255 Ga. 380 (338 SE2d 669) (1986). The charge found to be unconstitutional in *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985), was: " '(1) "(t)he acts of a person of sound mind and discretion *are presumed* to be the product of a person's will, but the presumption may be *rebutted*" and (2) "(a) person of sound mind and discretion *is presumed* to intend the natural and probable consequences of his acts, but the presumption may be *rebutted*." ' [Cit.]" (Emphasis supplied.) *Williams v. Kemp*, supra at 385. The instant charge did not employ such language as would imply the existence of a mandatory conclusive presumption nor did it place any burden on appellant to rebut such a presumption. The jury was

merely instructed that "intent *may* be presumed. . . ." (Emphasis supplied.) The jury was also instructed that the State must prove intent beyond a reasonable doubt and that "intent is always a question for the jury." When the charge in the instant case is viewed as a whole, the contested instruction was not unconstitutionally burden-shifting. *Mobley v. State,* supra at 24 (2). "[I]t does not require the jury to draw [any] conclusion, nor does it place any burden on the defendant; thus there is no error." *Flynn v. State,* 255 Ga. 415, 416 (2b) (339 SE2d 259) (1986).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 23, 1986.

*James D. Hudson,* for appellant.

*Harry D. Dixon, Jr., District Attorney, George Barnhill, Assistant District Attorney,* for appellee.