73885. GREEN v. THE STATE.
(356 SE2d 673)

BIRDSONG, Chief Judge.

Amanda Green brings this appeal from her conviction of three counts of theft by taking. Ms. Green was a teller at the Norcross branch of California Federal Bank. On May 22, 1985, Ms. Ellen Biles said she made a deposit of checks to Amanda Green at the Norcross office of California Federal totaling $1,229.64 and received back $100 in cash. She identified a deposit slip from Teller 31 of California Federal for this transaction. The Norcross branch manager identified Amanda Green as Teller 31. On that same day, bank records indicate that Teller 31 entered an error correction for Ms. Biles' account changing the $100 cash withdrawal to $500 cash withdrawal. When Ms. Biles received her monthly statement, she notified the bank of its error and the record was changed to credit her account with the total $1,229.64.

The bank's records also show that on May 23, 1985, Teller 31 issued a deposit slip to Donald and Reba Halleck in the amount of $431.03. The machine tape also shows an error correction by Teller 31, changing that deposit from $431.03 to $231.03 on the same date and debiting the Halleck account.

On the morning of May 24, 1985, Ms. Green called the bank to tell them she would be late. She had had too much to drink the preceding evening. During the morning, two of the bank's three teller machines went out and the only operating machine was Ms. Green's.

Since she had not shown up, the head cashier removed her money tray from the vault and delivered it to the teller who would operate the machine. It is bank policy that when a teller's cash drawer is opened in her absence, two cashiers must verify the cash in the drawer. Two cashiers verified that Ms. Green's cash drawer was $300 short in $20 bills.

Ms. Green testified that different tellers used other tellers' machines in their absence and she was absent on each day to go to a nearby restaurant for breakfast and lunch. She also said that her tape for May 23 was verified by the head cashier as to money in the drawer when she left for that day. Two other bank employees testified that the verification by the head cashier at the end of the day was not verification of the amount of cash in the drawer, but that the cash total put down by the cashier as to the amount in the drawer matched the total of cash shown on the bank's master machine tape. Ms. Green appeals from a jury verdict of guilty as to the three counts of theft by taking. *Held*:

1. Appellant contends the State failed to prove venue. We do not agree. This trial occurred in Gwinnett County. All bank employees testified that the bank in which they worked was the Norcross branch of California Federal. Evidence as to venue, though slight, is sufficient in the absence of any conflict. *Aldridge v. State*, 236 Ga. 773, 774 (225 SE2d 421). There was no conflict in the evidence. This court will judicially note that Norcross is in Gwinnett County. OCGA § 24-1-4; *Williams v. State*, 162 Ga. App. 680 (1) (292 SE2d 560).

2. The trial court refused to give a charge requested by appellant that "a check is not payment until it is in fact paid, and a check is not money, but a negotiable instrument." Argument was not recorded, but from the tenor of the requested charge, it is clear that counsel was attempting to controvert the allegation in the indictment that title to the money taken was in the depositors by arguing that after the checks were deposited title to the property was in the bank. In the appellate brief, counsel argues that checks are not cashed until they are paid and the depositors had merely transferred the checks to the bank for collection and since the money was taken from the bank "there could have been no theft by taking . . . from Ellen Biles and Donald Holleck [sic]."

There is a distinction in transfer of title to a deposit of cash in a bank, and deposit of checks for collection. See *Foster v. Peoples Bank*, 42 Ga. App. 102 (1), (2) (155 SE 62). A check is a draft drawn on a bank, payable on demand. OCGA § 11-3-104 (2) (b). It is a negotiable instrument and is transferred by indorsement of the payee to the bank for the purpose of collection and the transferee bank obtains such rights as the transferor had. OCGA § 11-3-201 (1). The bank then becomes the agent of the depositor for the purpose of collection.

OCGA § 11-4-201. The relationship between the depositor and the depositary bank on deposited checks is presumed to be that of principal and agent and not that of debtor-creditor. *Pike v. First Nat. Bank of Rome*, 99 Ga. App. 598 (1) (109 SE2d 620). Credit given by the bank for deposit of the check is provisional (OCGA § 11-4-201) and the bank may charge back the paper to the depositor's account if it is not honored upon presentation. *Foster*, supra at (2). The bank obtains a security interest in the deposit and becomes a holder in due course to the extent of its security interest. OCGA § 11-4-208. Hence, during the depositing and collecting stage of a check, there is a dual proprietary interest in the item — one by the depositor, and another by the depositary bank. Each would be entitled to assert his interest in the property to the exclusion of all others except the true owner.

When there may be confusion as to title, the Supreme Court has stated the rule succinctly, that " 'one charged with larceny will not be heard "to raise nice and delicate questions as to the title of the article stolen." ' " *Gomez v. State*, 234 Ga. 614 (1) (216 SE2d 844), accord *Bradshaw v. State*, 162 Ga. App. 750 (7) (293 SE2d 360); *Kent v. State*, 157 Ga. App. 209, 210 (276 SE2d 881). Further, the requested charge was couched in terms of "payment," and in the instant case "payment" of the check was not involved, only the issues of "credit" for purposes of "collection." Hence, the charge was not adjusted to the evidence, and it was not error to refuse to give the charge under the facts of this case.

3. The remaining enumerations address the sufficiency of the evidence under the general grounds. When the evidence is viewed in the light favorable to the verdict, it is sufficient to enable any rational trier of facts to find the existence of the offenses charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 8, 1987 —
REHEARING DENIED APRIL 22, 1987.

*Glyndon C. Pruitt*, for appellant.
*Samuel H. Harrison, Solicitor, Cheryl F. Custer, Assistant Solicitor*, for appellee.