A89A2324. DICKERSON v. THE STATE.
(388 SE2d 736)

DEEN, Presiding Judge.

The appellant, Scotty Dickerson, was convicted of making an improper right turn and underage possession of alcohol.

A Cobb County police officer stopped Dickerson after observing him make a right turn from the left turn lane onto another road in Cobb County. While talking with Dickerson, the police officer noticed a faint odor of alcohol and asked Dickerson if he had been drinking. Dickerson acknowledged that he had drunk a part of a beer at a nearby shopping center. An alco-sensor test was positive for alcohol, and the police officer arrested Dickerson. *Held*:

1. On appeal, Dickerson seems to contend that the State failed to prove venue because it was not shown whether the traffic violation and stop occurred outside or inside the incorporated limits of the City of Smyrna. Relying upon Ga. Const., Art. IX, Sec. II, Par. III (b), which states that unless otherwise provided by law, no county may exercise police powers inside the boundaries of a municipality except by contract with the municipality affected, Dickerson further contends that his arrest by the county police officer was unauthorized, since the State failed to prove a contract between the county and the City of Smyrna.

Venue in this case was proven by the uncontradicted testimony of the arresting officer that the traffic violation and stop took place in Cobb County. See *Green v. State*, 182 Ga. App. 695 (1) (356 SE2d 673) (1987). The arresting officer, having witnessed the actual traffic violation, was authorized to arrest Dickerson under OCGA § 17-4-23. Compare *Glazner v. State*, 170 Ga. App. 810 (318 SE2d 233) (1984). Dickerson's contentions are without merit.

2. The evidence regarding Dickerson's underage possession of alcohol, in violation of OCGA § 3-3-23, was sufficient to authorize a rational trier of fact to find him guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 20, 1989.

*Frank G. Smith*, for appellant.

*Patrick H. Head*, Solicitor, *Beverly M. Hartung, Diane L. Matassino*, Assistant Solicitors, for appellee.