## A92A0164. WIDNER v. THE STATE.

(418 SE2d 105)

ANDREWS, Judge.

Widner was found guilty by a jury of armed robbery (OCGA § 16-8-41), and possession of a firearm during the commission of the robbery (OCGA § 16-11-106 (b) (1)).

Viewed in the light most favorable to the jury's verdict (*Gurlaskie v. State*, 196 Ga. App. 794, 795 (397 SE2d 66) (1990)), the evidence shows that while the victim was walking home from a friend's house carrying his "game rooster," Widner approached the victim in his car, pulled a gun, and stole the chicken. The victim, and friends who were with him when the robbery occurred, reported the robbery, and gave the police a description of the armed robber and his car. Based on the general description, the investigating officer included a photograph of Widner in a photographic lineup conducted two days after the robbery from which the victim and others present at the robbery picked Widner as the armed robber. Based on the identification and descriptions of the robbery, and police investigation, police charged Widner with the robbery, and obtained a warrant to search Widner's car for the gun and chicken feathers. The search produced one chicken feather which was introduced as evidence in the State's case. The victim and one of his friends present during the robbery positively identified Widner at trial as the armed robber.

1. Widner claims the trial court erred by denying his motion to

suppress the victim's and one other eyewitness's photographic identification of Widner prior to trial, evidence of which was introduced at trial. Widner argues that the pre-trial photographic identification procedure was impermissibly suggestive, and tainted the eyewitness identification at trial. "A pre-trial identification procedure may be so tainted as to require exclusion of an in-court identification, if, under all the circumstances, the procedure was both impermissibly suggestive and it resulted in a substantial likelihood of irreparable misidentification. The first inquiry is whether the photographic display was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification." (Punctuation and citations omitted.) *Graham v. State*, 171 Ga. App. 242, 253 (319 SE2d 484) (1984). Widner's claim is that of the six photographs displayed, his image was larger and bolder, his head was slightly turned, and he had the longest hair of anyone pictured. Neither the variance in size and texture of the photographs, nor the slight turn of Widner's head renders the procedure impermissibly suggestive. *Simpson v. State*, 193 Ga. App. 439, 440 (388 SE2d 39) (1989). The armed robber was described after the robbery as having long hair. All six men depicted in the photographic display had long hair, with Widner's being only somewhat longer than the others. The procedure was not impermissibly suggestive and the trial court did not err by denying the motion.

2. The trial court properly denied Widner's motion to suppress the results of the search of his car. The affidavit in support of the warrant was based on the victim's description of the robbery, the photographic identification of Widner, and a description of his car obtained by the officer's independent investigation. There was more than sufficient probable cause for issuance of the search warrant. *Mize v. State*, 173 Ga. App. 327, 328 (326 SE2d 782) (1985).

3. Widner contends the evidence was insufficient to prove where the crime was committed, therefore the State failed to prove venue in Bartow County beyond a reasonable doubt. The evidence showed that the armed robbery occurred while the victim was walking from a friend's house to his own house, both of which were located in the city of Kingston. The incident was responded to and investigated by the Bartow County Sheriff's Department. Contrary to the defendant's contention, we find no conflict in the evidence on this point. Even slight evidence of venue is sufficient where there is no conflicting evidence. *Aldridge v. State*, 236 Ga. 773, 774 (225 SE2d 421) (1976); *Green v. State*, 182 Ga. App. 695, 696 (356 SE2d 673) (1987). We take judicial notice that the city of Kingston is located in Bartow County. See *Williams v. State*, 162 Ga. App. 680, 681 (292 SE2d 560) (1982); *Jackson v. State*, 177 Ga. App. 718 (341 SE2d 274) (1986). The evidence was sufficient to prove venue in Bartow County beyond a rea-

sonable doubt.

4. Widner claims the trial court erred by failing to charge the jury on the lesser included offense of theft by taking. Although theft by taking has been held to be a lesser included offense of armed robbery, no charge on the lesser included offense is necessary where the evidence, as here, shows completion of the greater offense. *Belcher v. State*, 201 Ga. App. 139, 141 (410 SE2d 344) (1991); *Hambrick v. State*, 174 Ga. App. 444, 447 (330 SE2d 383) (1985). Moreover, Widner did not request this charge. In the absence of a written request, there is no error in failing to include a charge on a lesser included offense. *French v. State*, 199 Ga. App. 873, 874 (406 SE2d 526) (1991).

5. In enumerations five and six, Widner argues that the evidence was not sufficient to support his conviction, especially in light of alibi evidence presented in his defense. It is the task of the jury to weigh the evidence by determining the credibility of witnesses and resolving conflicts in the evidence. This Court does not reweigh the evidence, but determines if it is legally sufficient. *Dobbs v. State*, 199 Ga. App. 793, 795 (406 SE2d 252) (1991). The evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED APRIL 6, 1992.

*Gerard P. Verzaal*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.